This is an accelerated calendar appeal. Appellant, Charles C. Mahon, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, which denied his counterclaim for divorce and granted a complaint for legal separation in favor of appellee, Shirley M. Mahon. Mr. Mahon also takes issue with the division of property between the parties and the award of spousal support.
On September 3, 1996, Mrs. Mahon filed a complaint for legal separation against Mr. Mahon. In her complaint, she alleged extreme cruelty, gross neglect of duty, and incompatibility. In response thereto, Mr. Mahon filed an answer and counterclaim for divorce.[1]
The court ordered that Mr. Mahon pay Mrs. Mahon temporary spousal support in the amount of $753.00 per month during the proceedings, beginning on November 11, 1996. These payments ended on October 1, 1997, upon the final order awarding legal separation. The court referred the case to a magistrate who, after a hearing, considered the following facts, as set forth in his order dated September 12, 1997:
(1) The parties were married on November 17, 1984, and no children were born as issue;
(2) Mr. Mahon was retired from General Motors and had income from his pension and Social Security benefits totaling $1709 per month; and
(3) Mrs. Mahon was disabled and had a total income was $165 per month in disability benefits.
In consideration of these factors, the magistrate found that it would be in the best interests of the parties to grant Mrs. Mahon a legal separation and deny Mr. Mahon a divorce. The magistrate also ordered Mr. Mahon to pay spousal support in the amount of $380 per month for a period of seventy-two months. Before Mrs. Mahon filed her complaint, the parties had agreed to a division of the marital residence and various items of personal property. The magistrate did not disturb these agreements when dividing other marital property. The magistrate valued Mr. Mahon's truck at $7,000 and Mrs. Mahon's car at $1,000 and determined that Mr. Mahon should pay $3,000 to facilitate an equal division of the vehicles. Mr. Mahon had a savings account at Mahoning National Bank, $3,896.16 of which the Magistrate determined was marital property to be divided equally. After determining the value of the automobiles, the savings account, and all other marital property, Mr. Mahon was ordered to pay Mrs. Mahon $5,136.08 to arrive at an equal distribution of marital property.
Mr. Mahon timely filed what we construe to be objections to the magistrate's decision. He disputed the division of his savings account, the division of the value of the respective automobiles, the duration of the spousal support award, and the denial of his counterclaim for divorce. In overruling Mr. Mahon's objections, the trial court upheld the magistrate's decision and made the following additional findings of fact:
(1) Both parties were physically unable to find employment and had severely limited earning ability;
(2) Mr. Mahon was sixty-seven years old and Mrs. Mahon was fifty-five years old;
(3) Mrs. Mahon was taking several expensive prescription drugs; and
(4) It was in the best interest of both parties to remain married because Mrs. Mahon would be able to retain insurance coverage through her husband's pension plan, resulting in savings of approximately $500 per month on her prescription drugs. This would then translate into lower spousal support payments by Mr. Mahon.
The trial court never explained exactly how it came up with its division of property or where it got any of its final numbers. The court did not prepare an inventory setting forth which property was marital property and its value, however, much of this information can be determined from the testimony found in the transcript of the hearing before the magistrate. Mr. Mahon owned the marital residence prior to the marriage and subsequently added Mrs. Mahon's name to the title. On August 28, 1996, six days before Mrs. Mahon filed the complaint for legal separation, the parties sold the marital residence for $80,000. Mrs. Mahon believed this price was below market value and would not agree to the sale unless she received a greater portion of the proceeds. As part of the agreement, Mrs. Mahon received $25,475.75 from the sale and Mr. Mahon received only $21,475.75. Some other testimony revealed that certain other items of personal property, such as a boat and a rototiller, were sold during the marriage.
On August 29, 1996, the day after the sale of the marital residence, Mr. Mahon deposited $5,971.75 of the proceeds into his savings account at Mahoning National Bank. On September 3, 1996, this account had a total balance of $8,897.16. Testimony, at the hearing, indicated that the magistrate meant to subtract the deposited proceeds of the sale from the total balance in the account before dividing it as a marital asset. However, subtracting $5,971.75 from $8,897.16 would yield a figure of $2,925.41, not $3,896.16.
Mr. Mahon raises the following assignments of error:
 "[1.] It was an abuse of discretion by the trial court to deny the defendant a decree of divorce from plaintiff.
 "[2.] The trial court abused its discretion in granting plaintiff seventy-two (72) months of spousal support in addition to the twelve (12) months of temporary support awarded to the plaintiff.
 "[3.] It was an abuse of discretion by the trial court to grant plaintiff an interest in part of defendant's savings account and one-half of the difference in value between plaintiff's and defendant's motor vehicles."
In his first assignment of error, Mr. Mahon contends that the trial court abused its discretion by denying his counterclaim for divorce. Mr. Mahon alleges that both parties agreed that they were incompatible, as set forth in Mrs. Mahon's reply to Mr. Mahon's counterclaim; that it was established at the magistrate's hearing that they had lived apart for over one year without cohabitation; and, therefore, he had established grounds for divorce. Mr. Mahon's belief is that since these grounds were established, the court should have granted his divorce and that denying his divorce will place an unjust burden on his ability to will his estate to his children.
Mr. Mahon correctly points out that living apart for a year and incompatibility are grounds for divorce under R.C. 3105-01(J) and (K). The provision for living apart for a year is a "no fault" provision and is not dependent on any misconduct of the parties. In light of this "no fault" provision, the trial court's decision not granting a divorce seems unfair and burdensome to Mr. Mahon, who cannot re-marry, and is restricted in his ability to convey his estate as he wishes.
Under R.C. 3105.01, a court of common pleas "may" grant a divorce when the husband and wife have lived separate and apart for one year without cohabitation or for incompatibility. This court has recently found that the language of R.C. 3105.01, using the word "may" instead of "shall," gives the trial court the discretion to determine whether a legal separation or a divorce is more appropriate, in each situation. Harcourt v.Harcourt (Sept. 30, 1998), Ashtabula App. No. 97-A-0066, unreported, 1998 Ohio App. LEXIS 4624. In Harcourt, we approved of a trial court's decision to grant a legal separation, rather than a divorce, under circumstances that were nearly identical to these. As in the instant case, the trial court in Harcourt
found that preserving insurance benefits was sufficient reason to favor a legal separation, especially where the appellant presented no testimony indicating how he would be harmed by not being granted a divorce. Had the legislature intended that a divorce on "no fault" grounds be automatically granted, it could have easily written the statute to take such discretion away from the trial court.
While Mr. Mahon's concerns about his estate are serious, he raises them for the first time on appeal. They should have been expressed to the trial court so that they could have been factored into its decision. Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43; 322 N.E.2d 629. Thus, this issue is not properly before this court on appeal. Nothing in the record indicates that the trial court ever took Mr. Mahon's concerns about his estate into consideration, nor did we address that issue in Harcourt. While such problems could be remedied through a valid separation agreement, if Mrs. Mahon agrees to waive her claims against Mr. Mahon's estate, In rethe Estate of Robinson (Sept. 19, 1985), Greene No. 85-CA-16, unreported, 1985 Ohio App. LEXIS 7362, a trial court has no power to force such an agreement. However, R.C. 3105.10(E) does provide the trial court with authority to bar all rights of dower in real estate acquired by either party subsequent to this judgment. As appellee argues, other estate planning tactics, such as joint and survivorship ownership, gifts, and trusts, exist for Mr. Mahon to transfer his estate to his children. From a review of the record in this case, despite the burdens they place on Mr. Mahon, the trial court's actions appear to be in the best interest of the parties. When granting a legal separation, a trial court should take the parties' estates into account. This is particularly true when there are children from a previous marriage. While Mr. Mahon's first assignment of error raises an important issue, it is without merit in this appeal.
In his second assignment of error, Mr. Mahon contends that the trial court abused its discretion by ordering seventy-two months of spousal support addition to the eleven months of temporary support he had already paid. His main argument is that forcing him to pay spousal support for almost seven years is excessive, given that the marriage lasted only about thirteen years. He states that the "usual standard" for determining the duration of spousal support is three months of support for every one year of marriage, which would result in three years of support.
Mr. Mahon does not indicate the origin of this "usual standard." More importantly, he does not show why we, or the trial court, should consider it in reviewing or awarding spousal support. This standard may be a rule of thumb that divorce lawyers and trial courts occasionally use, however, no authority is cited to support it and we will not use it here. A trial court must use the statutes enacted by the legislature, not a vague rule of thumb when awarding spousal support. The duration of the marriage is but one factor a trial court must consider when awarding spousal support pursuant to a legal separation. Courts are also required to consider the other numerous factors set forth in R.C. 3105.18(C)(1). The factors most relevant to this case are: (a) the income of the parties; (b) the relative earning abilities of the parties; (c) the ages and the physical, mental, and emotional conditions of the parties; and (d) the retirement benefits of the parties.
A trial court has broad discretion to award spousal support.Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110;546 N.E.2d 950. A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court has abused its discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; 554 N.E.2d 83. "Abuse of discretion" is more than simply legal error; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219; 450 N.E.2d 1140.
The trial court gave a detailed analysis of each of the relevant statutory factors and found that the Mr. Mahon was receiving over $1,700 in pension and Social Security benefits while Mrs. Mahon was receiving only $164 in Social Security disability benefits. Due to the parties' physical conditions, neither had any significant earning ability. Given the great disparity in the parties' income and the totality of the circumstances, we cannot find any evidence that the trial court abused its discretion in awarding spousal support. This court has previously upheld an award of spousal support of four years duration, after a seven year marriage, when the trial court's judgment entry adequately indicated the basis for its award.Woods v. Woods (Apr. 7, 1995), Geauga Case No. 93-G-1835, unreported; 1995 Ohio App. LEXIS 1458. Similar to Mrs. Mahon, the wife in Woods suffered from health problems and was at an age where she was, for the most part, unemployable. As inWoods, the trial court has given adequate consideration to all of the factors set forth in R.C. 3105.18. We find Mr. Mahon's second assignment of error without merit.
In his third assignment of error, Mr. Mahon contends that the trial court abused its discretion by granting Mrs. Mahon an interest in part of his savings account and half of the aggregate value of their automobiles. He argues that, the trial court erred by not taking into account the extra $4,000 Mrs. Mahon received as proceeds from the sale of the house. He further contends that it is illogical and inequitable to consider their separate savings accounts and vehicles as marital assets, which, he says, were divided before this action began, while not considering the proceeds from the sale of the house, as well.
As with spousal support awards, a reviewing court has broad discretionary powers in fashioning property division awards and a reviewing court may only reverse a trial court ruling based on an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348; 421 N.E.2d 1293. The automobiles and the savings account were marital property according to the definition provided in R.C. 3105.171(A)(3)(a)(i). They were personal property currently owned by either party and acquired during the marriage. These items were properly divided, as required under R.C. 3105.171(C)(1). Clearly, the court was correct in requiring Mr. Mahon to pay $3,000 to Mrs. Mahon to balance the difference between Mr. Mahon's $7,000 truck and Mrs. Mahon's $1,000 car. A miscalculation appears in dividing the savings account. Both parties agree, in their briefs, that the proper amount of marital property to be divided from the savings account was $2,925.41. The court's judgment should be modified from $3,986.16, to correct that error.
Mr. Mahon does not dispute the court's upholding the division of the proceeds from the sale of the residence, but the division of the other marital property. He merely uses the marital residence as an example to explain why he thinks the equal division of other marital assets was unfair. Mr. Mahon acquired the marital residence before the marriage and much of it could be considered separate property by the definition in R.C. 3105.171(A)(6)(a)(ii). Although not clearly stated, the trial court upholds the distribution of the proceeds from the sale of the marital residence and of various items of personal property because the sales and distribution of the proceeds occurred prior to the filing of this action. Rather than figuring out which assets were separate property or marital property, the trial court accepted the agreement of the parties as the determinative factor in dividing these assets. It was not an abuse of discretion to divide the assets in this way, however, the trial court should have done a more detailed analysis and inventory of the assets. The judgment of the trial court should be modified to correct the miscalculation in dividing the savings account. Mr. Mahon's third assignment of error is, otherwise, without merit.
For the foregoing reasons, the judgment of the trial court is affirmed, except for the division of appellant's savings account and is reversed and remanded only for modification thereof.
 --------------------- JUDGE ROBERT A. NADER
CHRISTLEY, P.J., concurs, O'NEILL, J., dissents.
[1] Although the counterclaim was neither found in the file nor listed in the docket, the appellee filed a reply to the counterclaim and both the transcript and appellant's brief refer to the counterclaim.