DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Athens County Municipal Court, Small Claims Division, which found that Plaintiff-Appellant Sneaky Pete/Dawn Knece had failed to meet its burden of proof and dismissed its complaint.
Appellant is a company engaged in the business of selling candles.[1] Appellant provided candles to Defendant-Appellee Becky Norway, who arranged for friends and acquaintances to hold parties where the candles were sold. The hostess of the party received free candles, and the appellant paid the appellee a commission on each sale.
Appellant, through Dawn Knece, brought suit against the appellee to recover the balance of the purchase price due on an order of candles which the appellee allegedly received. Appellant claims that the appellee received $1,837.07 worth of candles and made partial payments totaling $551. Appellant sued for the remaining balance. Appellee denied receiving any candles that she did not pay for.
Appellee filed a counter-suit claiming $2,346.46 in damages. Appellee's claim included $1,128.96 for the purchase and installation of a security system that she alleged was necessary because Dawn Knece had threatened her. Appellee also claimed her greenhouse business lost $1,117.50 because Knece had slandered her. Finally, appellee claimed that the appellant still owed her $100 commission for one of the candle parties.
After hearing testimony from both of the parties, the trial court found that the appellant had failed to meet its burden of proving that the appellee had ever received the candles in question and dismissed the appellant's complaint. The court also found that the appellee was not entitled to payment from the appellant for a security system and that the small claims division does not have jurisdiction over claims for defamation of character.
Appellant filed a timely notice of appeal and presents two assignments of error for our review.
 ASSIGNMENTS OF ERROR I. THE COURT ERRED BY RELYING ON UNSWORN TESTIMONY IN REACHING ITS DECISION AND BY FAILING TO CALL A SUBPOENAED WITNESS.
 II. EVEN IF THE TRIAL COURT COULD HAVE PROPERLY CONSIDERED THE UNSWORN TESTIMONY OF BECKY NORWAY, THOSE STATEMENTS DO NOT SUPPORT THE DECISION OF THE TRIAL COURT AND THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
The record shows that the trial court did not place either the appellant or the appellee under oath prior to testifying. Ordinarily, a court may not consider testimony that is not given under oath. As appellee argues, however, it is well settled that a party must object to the trial courts omission of an oath, or the error is waived on appeal. Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 322 N.E.2d 629. In addition, since neither party was under oath in the court below, if the trial court did not consider the appellee's testimony, neither could it consider the appellant's testimony, thereby precluding a ruling by it on any of the claims of either party.
Appellant also claims in this assignment of error that the trial court erred by failing to call the appellee's husband, whom appellant had subpoenaed, to testify as a witness. Appellee correctly argues that the appellant was responsible for presenting its own evidence. The court below specifically asked if either party had any additional evidence on the appellant's claim before it moved on to considered the appellee's allegations. The transcript reveals that the court permitted an informal atmosphere at the trial and that the appellant was free at any time to request that the court allow her to question the appellee's husband.
We find no merit in the First Assignment of Error, and, accordingly, it is OVERRULED.
 II.
In its Second Assignment of Error, appellant alleges that the trial court's decision is against the manifest weight of the evidence. In judging the weight of the evidence, a reviewing court essentially acts as a thirteenth juror, considers all of the evidence, and makes its own determination of the weight and credibility to be given to the evidence. State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541. A reviewing court must keep in mind that the trier of fact is the best judge of credibility and should only reverse a judgment "in the exceptional case in which the evidence weighs heavily against the [judgment]." Id. at 387, 678 N.E.2d at 547, quoting State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
In the instant case, the appellant bears the burden of proving it delivered candles to the appellee and that the appellee failed to pay for those candles. As the trial court noted in its judgment entry, the testimony presented by the parties was very confusing. There was testimony of delivery of candles and payments to and from a number of individuals. The testimony does not clearly reveal dates and quantities of candle orders, to whom the candles were delivered, how much each order was worth, or how much was paid on each order.
All of the transactions between these parties and the testimony relating to them, save the specific order on which the appellant bases her claim, are of no value in the instant case, other than to possibly establish a course of business dealing between the parties. The sole goods at issue are those contained in the itemized list presented by the appellant at trial.
Appellant bears the burden of proving sale and delivery to the appellee of the candles in the itemized list. Appellee specifically denied receipt of the particular order upon which the appellant based its claim. Appellant did not offer any evidence of delivery of these candles to the appellee, such as a receipt bearing the appellee's signature or even her initials. This being the case, the credibility of the witnesses at trial becomes all the more important.
The trial court's position as the trier of fact is far superior to that of this court to judge the credibility of the witnesses and the weight to be given to their testimony. As stated earlier herein, appellate courts should reverse the trier of fact only "in exceptional cases in which the evidence weighs heavily against the [judgment]." State v. Thompkins, supra, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-21. Our review of the transcript gives us no more insight into the transactions between these parties than the trial court had.
Accordingly, the Second Assignment of Error is OVERRULED.
JUDGMENT AFFIRMED.
[1] Sneaky Pete apparently is owned by Selina Meachem. Dawn Knece, who is Meachem's sister, works for Sneaky Pete as a bookkeeper. It is unclear if Knece has any ownership interest in Sneaky Pete.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, P.J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________________ David T. Evans
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.