Stores Realty Co., Appellee, *v.* City of Cleveland, Bd. of Building Standards and Building Appeals, Appellant.

(No. 74-112—Decided January 29, 1975.)

*Messrs. Kahn, Kleinman, Yanowitz & Arnson* and *Mr. Gary D. Greenwald,* for appellee.

*Mr. Herbert R. Whiting,* director of law, and *Mr. Emmanuel E. Dickerson,* for appellant.

STERN, J. The issue presented is whether unsworn testimony is competent evidence, where the opposing party is represented by counsel who neither requests that the witness be sworn nor objects to the testimony.

The Court of Appeals relied upon this court's *per curiam* opinion in *Arcaro Bros. Builders* v. *Zoning Board of Appeals* (1966), 7 Ohio St. 2d 32, 218 N. E. 2d 179. In that case, the chairman of the Zoning Board of Appeals, at an administrative hearing, ''refused permission to have any of the witnesses sworn, and allowed unidentified statements, apparently from the audience attending the hearing, to be recorded in the transcript.'' This court held that, as a result, the record contained no evidence.

*Arcaro* makes clear that it is error for unsworn testimony to be admitted in evidence. However, *Arcaro* does not answer the question of whether such error is waived if timely objection is not made.

Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal. *Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31, 238 N. E. 2d 563; *Oney* v. *Needham* (1966), 6 Ohio St. 2d 154, 216 N. E. 2d 625.

Although the issue has never been decided by this court, the rule is well-established that a party may not, upon appeal, raise a claim that the oath of a witness was omitted or defective, unless objection thereto was raised at trial. If no objection was raised, the error is considered to be waived. *Wilcoxon* v. *United State* (C. A. 10, 1956), 231 F. 2d 384; *United Parts Mfg. Co.* v. *Lee Motor Products* (C. A. 6, 1959), 266 F. 2d 20; *State* v. *Doud* (1950), 190 Ore. 218, 225 P. 2d 400; *State* v. *Whiting* (1953), 173 Kan. 711, 252 P. 2d 884; *Grant* v. *Grant* (1947), 202 Ga. 40, 41 S. E. 2d 534; *Estate of DaRoza* (1947), 82 Cal. App. 2d 550, 186 P. 2d 725; *Tennant* v. *Civil Service Comm.* (1946), 77 Cal. App. 2d 489, 175 P. 2d 568; *Brenton State Bank* v. *Heckmann* (1943), 233 Iowa 682, 7 N. W. 2d 813; *Beausoliel* v. *United States* (C. A. D. C., 1939), 107 F. 2d 292; 6 Wigmore on Evidence (3 Ed.) 295, Section 1819; 58 American Jurisprudence 307, Witnesses, Section 550. See, also, *Newcomb* v. *Wood* (1878), 97 U. S. 581, 583.

Had appellee objected to the unsworn testimony during the hearing, there is little doubt that the chairman would have sworn the witness. By failing to bring the matter to the attention of the board, appellee effectively waived the right to appeal upon that ground.

The Court of Appeals relied upon this court's decision in the *Arcaro* case. We now hold that *Arcaro* does not apply where no objection is raised to the omission of the oath to a witness.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Celebrezze, W. Brown and P. Brown, JJ., concur.