OPINION
Appellant Donald Stantz is appealing the decision of the Richland County Court of Common Pleas, Juvenile Division, which denied appellant's request for an extension of time to obtain additional genetic testing. The following facts give rise to this appeal.
Appellee Amy Merle filed a complaint, to establish paternity, in the Richland County Court of Common Pleas, Juvenile Division, on July 8, 1997. In the complaint, appellee alleges appellant is the biological father of Jacob Merle, born February 4, 1997. The trial court conducted an initial hearing, in this matter, on July 31, 1997. At this hearing, the trial court ordered the parties to undergo genetic testing. The genetic testing was performed at the offices of the Richland County Child Support Enforcement Agency, in cooperation with LabCorp of America, on August 6, 1997.
The trial court scheduled the final hearing, in this matter, for October 2, 1997. At this hearing, appellant requested a continuance so he could obtain private, additional genetic testing. Appellant disputed the test results which indicated a 99.72% probability that he was the biological father of the minor child. The trial court granted appellant's request for a continuance and rescheduled the matter for October 23, 1997. The trial court further informed appellant that at the hearing scheduled for October 23, 1997, he would be required to furnish proof of payment of a deposit to a private laboratory for genetic testing.
On October 23, 1997, the trial court conducted the final hearing. Appellant indicated, at this hearing, he did not secure the genetic testing due to confusion over the cost from the various companies that he contacted. Appellant requested another continuance to acquire additional genetic testing. The trial court denied appellant's request. On November 19, 1997, the magistrate issued her decision finding appellant to be the biological father of the minor child. Appellant filed objections to the magistrate's decision on December 3, 1997. The trial court overruled appellant's objections on January 9, 1998.
Appellant timely filed his notice of appeal. Appellant did not set forth, in his brief, an assignment of error as required by App.R. 16(A)(3). We therefore summarize appellant's assignment of error as follows:
 I. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT ADDITIONAL TIME FOR THE APPELLANT-DEFENDANT TO ACQUIRE ADDITIONAL GENETIC TESTING TO DETERMINE PATERNITY OF THE MINOR CHILD.
 I
Appellant contends the trial court should have granted his second request for a continuance in order to obtain additional genetic testing. We disagree.
Although R.C. 3111.09 permits a party to demand that other qualified examiners perform independent genetic tests under order of the court, this provision is limited by the court's determination. Appellant requested that he be permitted to obtain another set of genetic tests from a laboratory of his choosing. The trial court granted a continuance, from October 2, 1997, to October 23, 1997, to permit appellant to make these arrangements. However, at the hearing on October 23, 1997, appellant failed to comply with the trial court's order and did not secure a qualified examiner.
The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, syllabus. We find the trial court did not abuse its discretion when it refused to grant appellant another continuance in this matter. In making this determination, we considered the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. Unger at 67-68; State v. Holmes (1987), 36 Ohio App.3d 44, paragraph one of the syllabus.
The trial court gave appellant an opportunity to make the necessary arrangements on October 2, 1997, when it continued the hearing. Appellant did not set forth a legitimate reason for his request for a second continuance. Further, appellant contributed to the circumstances giving rise to his request for a second continuance because he failed to meet the deadline set by the trial court. We therefore find appellant must accept the results of the test conducted by the Richland County Child Support Enforcement Agency and LabCorp of America.
Appellant also challenges the reliability of the genetic testing. However, appellant failed to object to the admission of the genetic testing at the hearing. Ordinarily, errors which arise during the course of a trial and which are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. Stores Realty Co. v. City ofCleveland (1975), 41 Ohio St.2d 41, 43. Thus, by not objecting to the introduction of the genetic testing, at the hearing, appellate waived this issue for purposes of appellate review.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed.