OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties. Appellant John Wheeler ("Wheeler") appeals from the judgment of the Conneaut Municipal Court finding Wheeler guilty of violating City of Conneaut Ordinance 335.12, Stopping After Accidents Upon Streets; Collision With Unattended Vehicle.
The case was tried to the court on January 11, 1999. Wheeler represented himself. Wheeler has retained counsel for this appeal. In his brief on appeal, Wheeler's statement of facts is in narrative form and written in the first person. As such, it cannot be considered except to the extent there is testimony in the record of the proceedings of the trial to the court directly consistent with the statements in his brief.
At trial, Patrolman Steven R. Perkio ("the officer") was the state's sole witness. On December 3, 1998, at approximately 2:00 a.m., the officer was dispatched to investigate an accident that occurred in the vicinity of 173 Marshall Street in the City of Conneaut. The officer was informed the vehicle involved had continued traveling eastbound on Marshall and had turned north onto Beaver Street. Having been informed the vehicle involved may still be moving, the officer drove to a point north of the location, turned onto Beaver Street, and drove south towards Marshall. At the intersection of Beaver and Marshall, the officer saw a teal and black minivan. Wheeler was standing next to it. The vehicle was three hundred seventy feet from the scene of the accident.
The officer testified he asked Wheeler about the accident and stated Wheeler admitted he was in it. The officer testified he smelled a slight odor of alcohol and gave Wheeler sobriety tests, which Wheeler passed. The officer testified he asked Wheeler why the vehicle was on Beaver Street and not at the scene, and that Wheeler's response was the vehicle "coasted" to Beaver Street. The officer testified that Wheeler could not figure out why his vehicle would no longer drive, and at that time he realized the front right wheel was "locked up." The officer testified he gained the impression that Wheeler was attempting to leave the scene of the accident.
The vehicle which was hit was parked on Marshall Street three hundred and seventy feet from Wheeler's location. Upon investigating the accident scene, the officer found "debris from his teal colored vehicle." The officer also found that Wheeler had not left any identifying information (name and address) attached to the vehicle he hit.
Wheeler's testimony explaining what happened consisted of the following:
 "Well, I got off work, went somewhere, I was supposed to meet someone, he wasn't there and I was heading to his house and when I turned on to Marshall I dropped my cigarette and I leaned down. And I was jamming because it was my birthday, I had the radio blaring and I did not see it hit the car. When I came up, you know, I just felt like I hit a pothole or something because the car was still going. And then, by the time I realized it, I was three hundred and seventy-five feet, or whatever feet away from it by the time I didn't, I didn't know what to do. I didn't know what happened actually, to tell the truth. All these lights came on my dash.'
THE COURT: Anything else you'd like to add?
WHEELER: No."
During his closing argument, in response to a query from the court, Wheeler stated the damage to his car cost $3,000 to repair. The court found Wheeler guilty of failing to stop and disclose his identity after a traffic accident. In its judgment entry, based on the extensive damage to Wheeler's vehicle, and upon the fact it was rendered inoperable and Wheeler was unable to return home, the court indicated that it did not believe Wheeler's testimony claiming he was not aware he was in an accident causing damage to an unattended vehicle. The court found the City's position was supported by the testimony of the officer because the vehicle sustained $3,000 in damage and became inoperable three hundred and seventy feet away from the collision. From this decision Wheeler timely filed notice of appeal citing the following errors:
 "[1]. The court erred to the prejudice of the defendant-appellant by allowing the introduction of evidence prior to establishing a corpus delicti.'
 "[2]. The court erred in finding the defendant-appellant guilty of violating the city ordinance as there was insignificant [sic] evidence to prove said offense."
In Wheeler's first assignment of error, he contends the trial court should not have allowed any testimony about Wheeler's "alleged" involvement in an accident until the City had proven by some independent source that an accident had occurred. Wheeler was charged with two offenses, Failure to Control and Stopping After Accidents. The citation for failure to control indicated there was an accident. At his arraignment, Wheeler pled guilty to the failure to control, thus establishing for the record there was an accident and he was in it. At the outset of the trial the court asked Wheeler if he had pled to the failure to control. Wheeler acknowledged he had, and the court indicated the trial was to be on the "narrow" issue of whether he failed to stop after the accident. Furthermore, no objection was raised at trial with respect to the first assignment of error, and Wheeler consequently waived his right to raise the issue on appeal. See Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43. Wheeler's first assignment of error is without merit.
We will construe Wheeler's second assignment of error, wherein he claims there was "insignificant" evidence to sustain a conviction, as a claim there was insufficient evidence to sustain the conviction. When reviewing a claim of insufficient evidence, the inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
In relevant parts, Conneaut's City Ordinance 335.12 states:
 "In case of accident or collision with persons or property upon any of the public streets *** the person driving ***, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision until he has given his name and address ***.'
 "If such accident or collision is with an unoccupied or unattended motor vehicle, the operator so colliding with such vehicle shall securely attach the information required to be given in this section, in writing, to a conspicuous place in or on such unoccupied or unattended motor vehicle." (Emphasis added.).
An element of the offense charged is that the defendant "have" knowledge of the accident or collision. At trial, Wheeler's defense was that he was not aware he hit another vehicle. He testified he dropped his cigarette while turning onto Marshall Street, bent over to pick it up, felt a jolt, and then looked up. He stated his music was "blaring," which might explain why he did not hear the crash, and that since the car was still going, he assumed the jolt was caused by a pothole. He testified "all these lights came on my dash." After he made the turn onto Beaver Street, his vehicle came to a stop. The testimony, offered only by the officer, was that the front right wheel "locked up."
Following the logic of Wheeler's argument, if believed, he would not be required to stop since he did not have knowledge of the accident. The court did not find Wheeler's story credible. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts to determine.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. In its judgment entry, the court stated that "* * * due to the extensive damage caused to the defendant's vehicle, which rendered it inoperable and made it impossible for the defendant to return home, the Court finds that there is no way this defendant could not realize that he had been involved in a traffic accident * * *."
The court went on to state that among the facts it considered, the $3,000 in damage done to the car supported its conclusion. The statement made by Wheeler that his car cost $3,000 to repair was elicited by the court from Wheeler during Wheeler's closing argument, and as such, was not competent evidence for the court to consider. However, the other facts provide a sufficient basis for the court to conclude Wheeler must have been aware he was in an accident. The front right wheel locked up, all the dash board lights had come on, parts of his vehicle were knocked off and left in the road, and after he turned onto Beaver Street the vehicle would no longer drive. Furthermore, those facts combined with the distance Wheeler traveled after the accident support a finding of the other essential elements of the offense.
Viewing all the facts in a light most favorable to the prosecution, we conclude the trier of fact did not abuse its discretion in finding the elements of the offense proven beyond a reasonable doubt. Wheeler's second assignment of error is without merit.
The decision of the trial court is affirmed.
 _______________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.