OPINION
Defendants-appellants George R. Conrad and Saundra L. Conrad appeal from the September 15, 1999, Entry of the Perry County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
In January of 1978, appellants George R. Conrad and Saundra L. Conrad entered into a "Contract to Purchase Real Estate." Pursuant to the terms of the contract, appellants agreed to purchase Lots 1738, 1739 and 1740 on Long Street in New Lexington, Ohio, from appellee Robert Dornbirer and his now deceased spouse, Fern, for the purchase price of $3,500.00. The contract was prepared by appellee's real estate agent. Thereafter, on January 11, 1978, appellee and his wife conveyed the above three lots to appellants pursuant to a general warranty deed. However, in addition to conveying the three lots, the deed in question also contained the following language: Also, a part of the following described property in said State, County and Township and being a part of the southeast quarter of Section 8, Township 15, Range 15 and being in the Village of New Lexington, Ohio, and further described as being a certain strip of land on the south side of Moxahala Street in said Village and being at the intersection of Rush Street and Moxahala Street in said Village and extending west 182 feet to the place of beginning; thence west 704 feet to a point or fence; thence south 216 feet to a certain point or fence; thence east 704 feet to a point; thence north 216 feet to the place of beginning containing 3.5 acres, more or less.
Thus, the deed conveyed 3.5 acres that was not mentioned in the contract of sale. Both appellee and his wife signed the deed, which was recorded in Volume 236, Page 691 of the deed records of Perry County. Since only Lots 1738, 1739 and 1740 were transferred on the tax records, appellee has continued paying the real estate, taxes and assessments on the 3.5 acres that also were conveyed to Cappellants. Appellee, on November 19, 1997, filed a complaint against appellants in the Perry County Court of Common Pleas. Appellee, in his complaint, alleged, in part, as follows in seeking reformation of the general warranty deed "to correctly describe the real estate sold in accordance with the intention of the parties." 5. The Deed, by reason of the erroneous description, purported to convey land that Plaintiff did not intend to sell and Defendants did not intend to purchase. 6. The mistake in the Deed was mutual. 7. Plaintiff has made demand to Defendants for a correction of the mistake but Defendants have failed or refused to do so.
Appellee further alleged that , as of January of 1978, he only owned 2.5 acres of the subject premises. When appellee acquired Lots 1738, 1739 and 1740 in July of 1972 from his mother's estate, together with a description of the 3.5 acre tract, the Certificate of Transfer set forth a one acre exception to the subject premises. However, such exception was not contained in the deed from appellee to appellants. Thereafter, an answer was filed by appellants on December 16, 1997. Appellants, in their answer, raised the affirmative defenses of laches and estoppel. Subsequently, a trial was held on August 19, 1999. Following the trial, the parties filed proposed findings of fact and conclusions of law. Pursuant to an Entry filed on September 15, 1999, the trial court ordered that the general warranty deed involved in this matter be reformed to award appellee the 3.5 acres. The trial court further ordered the Perry County Auditor to refund to appellants any taxes paid by them for the 3.5 acres. Due to an error by the Auditor's Office, which did not immediately transfer the 3.5 acre parcel to appellants, appellants have only paid taxes on the subject premises since 1994. It is from the trial court's September 15, 1999, Entry that appellants now prosecute their appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 APPELLEE'S REQUEST FOR REFORMATION OF THE DEED ATTACHED HERETO AS EXHIBIT A SHOULD BE DENIED FOR REASON THAT THE APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THERE WAS A MUTUAL MISTAKE IN THE INCLUSION OF THE THREE AND FIVE-TENTHS (3.5) ACRE PARCEL DESCRIBED IN THE ATTACHED EXHIBIT A.
ASSIGNMENT OF ERROR II
 APPELLEE'S COMPLAINT SHOULD BE DISMISSED FOR REASON THAT IT IS BARRED BY THE LEGAL DOCTRINE OF LACHES.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION IN LIMINIE REQUESTING THE TRIAL COURT TO PROHIBIT APPELLEE FROM INTRODUCING ANY AND ALL EVIDENCE REGARDING THE PREPARATION, EXECUTION AND MEANING OF THE REAL ESTATE PURCHASE CONTRACT FOR REASON THAT THE SAME WAS MERGED INTO THE WARRENTY [SIC] DEED CONVEYED TO APPELLANTS.
ASSIGNMENT OF ERROR IV
 APPELLEE'S COMPLAINT SHOULD BE DISMISSED FOR REASON THAT IT IS BARRED BY THE LEGAL DOCTRINE OF ESTOPPEL.
There is neither a transcript of the evidence here nor an App.R. 9(C) statement of the evidence, settled and approved by the trial court. As a consequence we are directed, in our review of the judgment of the trial court, to the Separate Findings of Fact and Conclusions of Law executed by the trial court. Because of appellants' failure to file a transcript, we must accept the trial court's findings of fact. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 I
Appellants, in their first assignment of error, argue that the trial court erred in ordering reformation of the general warranty deed based on mutual mistake. Reformation of an instrument based on mutual mistake is permitted only where there is clear proof that the parties to the instrument made the same mistake and that both parties understood the instrument as the party seeking reformation alleges it ought to have been. See Snedegar v. Midwestern Indemn. Co. (1988), 44 Ohio App.3d 64,69. The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. Castle v. Daniels (1984),16 Ohio App.3d 209. However, as to the first assignment of error, we are unable to conclude that, upon the found facts, the trial court either abused its discretion or acted contrary to law in concluding that the deed contained a property description that was inserted as a mutual mistake. The trial court found that the seller did not intend to convey, and the buyer did not intend to receive, the 3.5 acre, metes and bounds described property. That it was inserted in deed by the scrivener of the seller is of no consequence in the context of the entire transaction between the parties. See, for example, Castle v. Daniels, supra. Based on the foregoing, we find that the trial court did not err in ordering reformation of the general warranty deed in this matter. Appellants' First Assignment of Error is, therefore, Overruled.
 II
Appellants, in their second assignment of error, argue that appellee's complaint should have been dismissed since it was barred by the doctrine of laches. Laches is an equitable doctrine requiring proof of (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. U.S. Playing Card Co. v. The Bicycle Club (1997), 119 Ohio App.3d 597, 603. The trial court, in its findings found, upon the circumstances of the case, that the claim of laches did not avail. We agree. The mistake was lately discovered and, when discovered, was promptly attended to by the Appellee. Appellants' Second Assignment of Error is, therefore, Overruled.
 III
Appellants, in their third assignment of error, contend that the trial court erred in declining to grant appellants' Motion in Limine. Appellants' third assignment of error is overruled for the reason that the error complained of does not appear in the record before this court. Errors which arise during the course of a trial which are not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal. Stores Realty Co. v. City of Cleveland (1975), 41 Ohio St.2d 41, 43. IV In their final assignment of error, appellants maintain that appellee's complaint is barred by the legal doctrine of estoppel. The doctrine of equitable estoppel only arises from a misleading communication that is actually and reasonably relied on and results in prejudice to the other party. Payne v. Cartee (1996),111 Ohio App.3d 580, 589. Estoppel does not apply to bar the claim of Appellee for the same reasons considered in Assignment of Error II. Appellants' Fourth Assignment of Error is Overruled.
Accordingly, the Judgment of the Perry County Common Pleas Court is Affirmed.
By Milligan, V.J. Hoffman, P.J. Farmer, J.