OPINION
This is an accelerated appeal from the Mentor Municipal Court. Appellant, Albert C. Nozik, appeals the trial court's order reinstating the dismissal of this case on the basis that a settlement agreement had been reached by the parties.
On February 26, 1998, appellant filed a complaint in the Mentor Municipal Court seeking to recover principal and interest on two promissory notes that had been executed by appellees, Glenn W. Kanaga, Sr., ("Mr. Kanaga") and Barbara Kanaga ("Ms. Kanaga"). Mr. Kanaga filed his answer and counterclaimed for paralegal service fees provided to appellant in October 1994 totaling $625.00. Ms. Kanaga also filed a separate answer.[1]
On September 4, 1998 appellant filed a motion for summary judgment. The trial court granted this motion and proceeded towards trial on the counterclaim. After a March 2, 1999 pre-trial conference wherein a settlement agreement was allegedly reached by the parties, the trial court issued a judgment entry on April 21, 1999 which stated the following: "The within action settled and dismissed with prejudice." Despite this order, on August 2, 1999, the trial court again dismissed this case for failure of appellant to accept the agreed settlement check.
Appellant filed a motion to vacate the August 2, 1999 order on October 4, 1999. Since appellees allegedly violated the settlement agreement, appellant sought to have the trial court vacate the settlement agreement and dismissal. In a judgment entry dated October 5, 1999, the trial court found the settlement agreement entered into by the parties at the March 2, 1999 pre-trial conference to be void as appellees had violated the agreement. As a result, the court vacated the order of dismissal and reinstated the case for trial.[2]
In response, Mr. Kanaga filed a motion for reconsideration and/or motion for pretrial with regard to the October 5, 1999 order, and Ms. Kanaga joined co-appellee's motion. However, appellant proceeded to voluntarily dismiss his claim without prejudice soon thereafter.
On November 12, 1999, the trial court granted appellees' motion for reconsideration and/or motion for pretrial in part because they were not given fourteen days to respond to appellant's motion to vacate.[3] As a result, the trial court reinstated its April 21, 1999 entry which dismissed the action with prejudice on the basis that a settlement had been reached by the parties. Further, appellant's voluntary dismissal of the complaint was held to be null and void.
At this time, appellant filed a motion for reconsideration wherein he maintained that he had the right to dismiss this case without prejudice at any time before a substantive final order was entered. Further, appellant maintained that his right to due process was violated, and that the trial court could not vacate a voluntary dismissal over his objections and then reinstate the case. Upon consideration, the trial court denied this motion.
Thereafter, appellant instituted a timely notice of appeal from the trial court's November 12, 1999 order dismissing his claim on the basis that a settlement agreement had been reached, and asserts a single assignment of error for our consideration:
 "The trial court below committed reversible error when it reversed its decision vacating its judgment entry dismissing this case on account of a settlement that the trial court itself had unilaterally imposed upon appellant."
With respect to his sole assignment of error, appellant has presented two separate issues for our review. First, appellant argues that at the March 2, 1999 pre-trial conference, the trial court "unabashedly imposed its will upon Appellant in order to force him to agree to a settlement that would prevent this case from being tried." According to appellant, the trial court had absolutely no power to force a settlement upon the parties. Further, appellant maintains that the record does not evidence that a mutually agreed upon settlement was actually reached by the parties either in the presence of or outside the presence of the court, and gives no indication of the terms of the settlement.
Second, appellant sets forth the contention that by imposing a settlement upon him, the trial court was violating his due process rights under the Ohio Constitution. According to appellant, of all the orders issued by the trial court, "the only one that made sense was the order vacating the entry of settlement and dismissal, for only that order positively protected Appellant's due process rights."
Appellant overlooks the fact that he failed to bring these errors to the trial court's attention at a time when such errors could have been avoided and corrected by the court. The record shows that appellant had the opportunity to bring these errors to the trial court's attention immediately after the March 2, 1999 pre-trial conference when this settlement was allegedly imposed on appellant by the trial court. Appellant failed to do so, and instead has waited to raise these errors on appeal.
"It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal." (Citations omitted.)Abbott v. Haight Properties, Inc. (Apr. 28, 2000), Lucas App. No. L-98-1413, unreported, at 6, fn. 1, 2000 WL 491731. Hence, an appellate court will not consider issues that a party failed to raise in the trial court as those issues have been waived. Lippy v. Soc. Natl. Bank
(1993), 88 Ohio App.3d 33, 40.
Therefore, we conclude that it is unnecessary to determine the ultimate issues surrounding the settlement agreement as appellant did not raise these arguments with respect to his single assignment of error during the proceedings below where the court could have avoided or corrected this matter. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Mark v.Mellott Mfg. Co., Inc., (1995), 106 Ohio App.3d 571, 589. Because this issue was not properly raised at the trial court level, it cannot be raised now for the first time as the grounds for an appeal. Consequently, appellant has waived his right to raise these issues on appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43;Geauga Metro. Hous. Auth. v. Biggs (May 19, 2000), Geauga App. No. 98-G-2207, unreported, at 5, 2000 WL 665567.
Furthermore, a final judgment has been entered in this case which indicated that this matter has been settled and dismissed. Appellant can not complain that he does not like the agreement into which he entered.
Based on the foregoing analysis, appellant's single assignment of error has no merit, and the judgment of the trial court is affirmed.
JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.
[1] In her amended answer, Ms. Kanaga alleged that the paralegal work performed by Mr. Kanaga was to be offset against the amount due on the notes.
[2] As an aside, this court would note that the only way the trial court could have reopened this case is with strict compliance with Civ.R. 60. Here, the trial court did not properly reopen this case under Civ.R. 60 as is reflected by the action the court took on October 5, 1999. Since the parties did not raise this issue, we need not address it on appeal.
[3]A municipal court has no authority to entertain a motion for reconsideration. As a result, we assume that the municipal court, in this matter, treated the motion for reconsideration as a motion to correct.