[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In two assignments of error, appellant Lesley Wooldridge appeals from the judgment of the Hamilton County Juvenile Court awarding permanent custody of her four children to the appellee, Hamilton County Department of Human Services (HCDHS).
In a previous appeal, this court reversed the juvenile court's award of permanent custody and remanded the cause for review of the transcript of the proceedings in connection with the decision whether to reject or modify the magistrate's decision. See In re Wooldridge (Aug. 27, 1999), Hamilton App. No. C-980545, unreported. The juvenile court reviewed that transcript before reaching its January 7, 2000, decision. The transcript is now part of the record certified for review.
Wooldridge's first assignment of error, in which she asserts that the juvenile court erred in reversing the magistrate's decision, is overruled. First, her claim that objections to the magistrate's decision were untimely filed is waived. Wooldridge did not bring this matter to the juvenile court's attention. See Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629, 630. Neither did she assign this as error in the initial appeal. Under the doctrine of law of the case, any subsequent determination by the juvenile court on the issue of timeliness would have exceeded the scope of this court's remand. SeeNolan v. Nolan (1984), 11 Ohio St.3d 1, 5, 462 N.E.2d 410, 414.
Wooldridge also asserts that the juvenile court erred on the merits in reversing the magistrate's decision. This assignment is overruled, as the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See Myers v. Garson (1993),66 Ohio St.3d 610, 614 N.E.2d 742; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578. The record contains sufficient clear and convincing evidence to support the juvenile court's decision. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 481 N.E.2d 613; see, also, R.C. 2151.414(D) and 2151.414(E).
Wooldridge's second assignment of error, in which she claims the her trial counsel was ineffective for failing to object to the juvenile court going forward on objections of questionable timeliness, is overruled. After reviewing all the proceedings in the juvenile court, including the difficulty in determining the date upon which the magistrate's decision was filed and the admirable effort by trial counsel in presenting Wooldridge's case, we hold that the record does not demonstrate any deprivation of a substantial or procedural right that rendered the trial fundamentally unfair. See Juv.R. 4; Lockhart v. Fretwell (1993),506 U.S. 364, 372, 113 S.Ct. 838, 844; Strickland v. Washington (1984),466 U.S. 668, 693, 104 S.Ct. 2052, 2067; see, also, In re Murray (1990),52 Ohio St.3d 155, 556 N.E.2d 1169.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.