DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas, Juvenile Division, which adjudicated appellant a delinquent for the charge of gross sexual imposition and committed him to the custody of the Department of Youth Services for a minimum term of six months to age twenty-one pursuant to R.C. 2151.355(A)(4). Appellant asserts the following assignments of error:
 "I. [APPELLANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO MOVE FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND THE CLOSE OF ITS OWN CASE, BEFORE [THE VICTIM] WAS RECALLED TO TESTIFY ON BEHALF OF THE STATE.
 II. [APPELLANT] WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW WHEN THE TRIAL COURT ORDERED LEONARD TO PAY A FINE AND COURT COSTS WITHOUT FIRST DETERMINING HIS PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF THE SANCTION."
Appellant's adjudicatory hearing commenced on April 4, 2000. The prosecutor's only witness was appellant's eleven year old sister who testified that she was sexually molested by appellant. Following defense counsel's cross-examination of the witness, the prosecution rested its case. Defense counsel then called appellant to the stand. Appellant denied molesting his sister. The prosecution then recalled its sole witness to the stand because the trial court had failed to administer an oath before her initial testimony. The court swore the witness in and the witness again testified that her brother had molested her.In his first assignment of error, appellant contends that his trial counsel was ineffective in failing to move for acquittal after the prosecution's witness's initial, unsworn testimony. Appellant contends the court erred in admitting the unsworn testimony; therefore, the evidence was insufficient to sustain appellant's adjudication.
Crim. R. 29(A) states as follows: "The court on motion of a defendant * * *, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint if the evidence is insufficient to sustain a conviction of such offense or offenses."
Evid.R. 603, R.C. 2317.30, and Section 7, Article I of the Ohio Constitution all require that a witness be administered an oath before testifying. It is error to admit unsworn testimony; however, such an error is waivable. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, syllabus. "This is because the failure to administer an oath can easily be corrected at the time; an attorney may not fail to object and then cite the lack of an oath as error." State v. Norman (1999),137 Ohio App.3d 184, 198.
In the present case, defense counsel did not object to the admission of the unsworn testimony. No plain error exists because the court corrected its failure to administer an oath to the prosecution's witness. The witness's testimony following the oath was not substantively different from the first time she took the stand. Moreover, defense counsel was able to effectively cross-examine the witness both times she took the stand. Accordingly, we find no reversible error and appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the trial court erred in ordering appellant to pay fine and costs without first determining his present and future ability to pay. Appellant cites to R.C. 2929.19(B)(6) which states: "[B]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.25
of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2151, the Revised Code section covering juvenile law in the state of Ohio, does not contain a similar provision.
Juveniles are entitled to certain basic constitutional protections enjoyed by adults accused of crimes such as the right to be notified of charges, the right to counsel, the privilege against self-incrimination, and the right to confrontation and cross-examination. In Re Gault
(1967), 387 U.S. 1. However, the United States Constitution does not mandate elimination of all differences in the treatment of juveniles. See, e.g., McKeiver v. Pennsylvania, (1971), 403 U.S. 528, (no right to jury trial) and, In re Skeens (Feb. 25, 1982), Franklin App. Nos. 81AP-882 and 81AP-883, (R.C. 2941.25, the "merger doctrine," does not apply in juvenile cases). The Skeens court held:
 ""`* * * [W]hile the commission of acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime.'"
R.C. 2929.19(B)(6) applies to "offenders." In R.C. 2929.01(AA), an "offender" is defined as "a person who, in this state, is convicted of or pleads guilty to a felony or misdemeanor." Appellant was not convicted of a felony or did he plead guilty to a felony. Under the juvenile law, appellant was adjudicated delinquent for an offense that would have been a felony had he been an adult. As such, appellant is not an "offender" pursuant to R.C. 2929 and therefore, R.C. 2929.19(B)(6) does not apply in this case. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
JUDGEMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J. CONCUR.