JOURNAL ENTRY AND OPINION
This is an appeal by the state from the judgment of the trial court which, on its own motion, dismissed the case against Defendant-Appellant Donnie Ballard (defendant). For the reasons set forth below, we affirm.
Defendant was indicted on January 27, 2000 for possession of drugs in violation of R.C. 2925.11 in an amount of less than five grams. On November 19, 1999, the defendant was arrested for allegedly possessing cocaine residue and two crack pipes. Defendant pleaded not guilty to the charges.
On August 7, 2000, the matter proceeded to a bench trial. At trial, the court, on its own motion, dismissed the case without prejudice. It is from this ruling that the state now appeals.
The state asserts a sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING CASE NUMBER CR-386439 POSSESSION OF COCAINE.
It is well settled that a party cannot raise new issues for the first time on appeal and that a reviewing court will not consider issues not raised and/or objected to in the trial court. Stores v. Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 322 N.E.2d 629; City of Maple Heights v. Lazar, 1999 Ohio App. LEXIS 1444; McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613,622 N.E.2d 1093. The claimed error must be preserved by an objection, proffer, or ruling on the record when the issue is actually reached during trial or the matter will be deemed waived by a reviewing court. State v. Montgomery, 2000 Ohio App. LEXIS 2478.
The transcript from the proceedings in the case sub judice reads as follows:
The Court: Okay, we're in chambers.
 Mr. Philips: The State's witnesses have no objection to the Court's motion, your Honor. [Emphasis added].
 The Court: * * * in Case Number 386439 the defendant is charged with possession of cocaine. Actually residue. Right?
Ms. Tylee: That's correct.
 The Court: The defendant on this case has been incarcerated for some 8 months.[1] The Court on its own motion is going to dismiss the case in Case Number 386439, the charge of possession of drugs in violation of 2925.11. * * *
Mr. Philips: Thank you, your Honor.
Ms. Tylee: Thank you, your Honor.
Mr. Hildebrand: Thank you, your Honor.
The transcript clearly indicates that the state did not object to the trial court's motion to dismiss the case against the defendant on the possession of drugs in violation of R.C. 2925.11. Not only did the state fail to object to preserve an appeal, but the prosecuting attorney imparted his approval regarding the dismissal when he stated to the judge, The State's witnesses have no objection to the Court's motion, your Honor. In not objecting to the court's motion to dismiss the case, the state waived any right to assert error in the trial court's decision on appeal. The state was obligated to raise their objection if it wanted to preserve for appeal any error arising from such issue. Therefore, the state's sole assignment of error is without merit. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] Pursuant to R.C. 2925.11(1)(b) possession of a drug in the amount of less than five grams is a felony in the third degree with a presumption for a prison term for the offense. Pursuant to R.C. 2929.14, the prison term shall be one, two, three, four or five years. It is unclear based on the record before us whether the trial court dismissed the case because it determined the defendant already served a conviction or because of the defendant's speedy trial rights.