[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Carol Austin appeals from the judgment of the Hamilton County Juvenile Court adopting the magistrate's decision that awarded permanent custody of six of her eight children to the Hamilton County Job and Family Services ("HCJFS"). She raises two assignments of error: (1) that the trial court erred by adopting the magistrate's decision granting permanent custody to HCJFS, and (2) that the trial court's judgment was against the manifest weight of the evidence.
On December 20, 2001, the magistrate issued a decision that awarded permanent custody of six of Austin's children to HCJFS. On December 27, 2001, the trial court adopted the decision as the judgment of the court. While the decision was signed by both the magistrate and the trial court and was filed with the clerk of courts, it was not journalized at the time. But a supplemental record filed with this court demonstrates that the decision has since been journalized.
On January 3, 2002, Austin filed objections to the magistrate's decision and requested "leave to file a brief after completion of the transcript" in the matter. Austin attached a copy of the magistrate's decision to her objections. On April 3, 2002, Austin filed "amended objection[s]" to the magistrate's decision. The grounds for Austin's objections were that the decision was "against the manifest weight of the evidence and the HCJFS did not make reasonable efforts to reunify the children" with her. On June 6, 2002, following a hearing, the trial court adopted the magistrate's decision, thereby committing the children to the permanent custody of HCJFS.
On appeal, Austin complains that she was prejudiced by the trial court's adoption of the magistrate's unjournalized decision. But Austin did not raise the issue in her objections before the trial court. Austin's failure to raise this error in the trial court constitutes a waiver of the issue on appeal.[1] Furthermore, Austin can demonstrate no prejudice from the previous lack of journalization of the decision: she obviously had a copy of the decision because she attached it to her written objections of January 3, 2002. Therefore, we overrule her first assignment of error.
In her second assignment of error, Austin argues that the trial court's decision to grant permanent custody of her children to HCJFS was against the manifest weight of the evidence. A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[2] The record in this case contains clear and convincing evidence to support the trial court's judgment, including evidence of Austin's delays in obtaining adequate housing and of her inappropriate interaction with the children during visitation, despite the provision of numerous supportive services by HCJFS.[3]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] See Civ.R. 53(E)(3)(b); see, also, In re Sellers (Sept. 25, 1998), 1st Dist. No. C-970799, citing Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 322 N.E.2d 629.
[2] See Myers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; see, also, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
[3] See R.C. 2151.414; In re William S. (1996), 75 Ohio St.3d 95,661 N.E.2d 738; In re Kinney, 1st Dist. No. C-020067, 2002-Ohio-2310.