JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Melvin Arnoff, appeals from the judgment of the Common Pleas Court granting the motion for summary judgment of defendants-appellees, the Ohio District of the Workmen's Circle (the "Ohio District"), Lyle Merdler and Robert Kestenbaum, and denying his motion for partial summary judgment. Finding no merit to Arnoff's appeal, we affirm.
 {¶ 2} Arnoff's amended complaint alleged that he was employed as District Director of the Ohio District of the Workmen's Circle and was discharged by Lyle Merdler, Chairperson of the Ohio District, and Robert Kestenbaum, Executive Director of the Workmen's Circle, New York City, without the ratification of the Board of Directors of the Ohio District of the Workmen's Circle. In light of these allegations, Arnoff asserted four causes of action against defendants-appellees: in count one, Arnoff alleged that his discharge was in violation of R.C. 1702.34;[1] in counts two and three, Arnoff sought compensation for unpaid but accrued vacation time and $500 for services rendered to the Ohio District as music director; and, in count four, Arnoff asserted a claim against Merdler and Kestenbaum for tortious interference with his contract of employment with the Ohio District.
 {¶ 3} Defendants-appellees subsequently moved for summary judgment regarding all of Arnoff's claims, while Arnoff moved for partial summary judgment regarding the first, second and third causes of actions set forth in his amended complaint. The trial court denied Arnoff's motion for partial summary judgment, and granted summary judgment in favor of Merdler and Kestenbaum. The trial court found that the Workmen's Circle is a New York not-forprofit organization with its principal offices in New York City, and that Arnoff was an employee of the New York organization. The trial court further found that the Ohio District is not a separate entity from the New York organization and, accordingly, dismissed it from the lawsuit. This appeal followed.
 {¶ 4} At the outset, we note that Arnoff's brief does not address the adverse ruling on his motion for partial summary judgment nor the trial court's ruling granting summary judgment in favor of Merdler and Kestenbaum. Appellate review of these issues is thereby waived. Dyke v.Price (Oct. 20, 2000), Montgomery App. No. 18060.
 {¶ 5} In his single assignment of error, Arnoff contends that the trial court erred in granting summary judgment because there are genuine issues of material fact "as to whether the appellant was employed by the Workmen's Circle organization in New York and not by the Ohio District of the Workmen's Circle."
 {¶ 6} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party aginst whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C).Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 7} In their motion for summary judgment, appellees argued that the Ohio District of the Workmen's Circle does not exist as a separate entity, and, therefore, as to counts one, two and three of the amended complaint, Arnoff could not maintain an action against a non-existent entity. In addition, they argued that with respect to count four, because the Ohio District does not exist as a separate legal entity, and because Arnoff was an employee of the Workmen's Circle New York, Kestenbaum and Merdler, as agents for Workmen's Circle New York, could not, as a matter of law, interfere with contracts entered into by their principal, Workmen's Circle New York.
 {¶ 8} Appellees presented evidence which demonstrated the following facts. The Workmen's Circle is a fraternal organization dedicated to preserving and strengthening Jewish cultural traditions and to helping members in need. It is incorporated under the laws of the State of New York as a not-for-profit corporation and enjoys tax- exempt status under Section 501(c) of the Internal Revenue Code. Its principal office is in New York City.
 {¶ 9} The Workmen's Circle is organized under and operates pursuant to its Constitution, which provides that all of its affairs are governed by the National Executive Board. In addition to other powers, the National Executive Board has the power to establish regional organizations, districts and branches of the Workmen's Circle. The National Executive Board also has the authority to appoint an Executive Director who acts as the business manager for the Workmen's Circle in New York, and has responsibility for hiring, firing and directing the activities of all the employees of the Workmen's Circle.
 {¶ 10} The Ohio District is one chapter of the New York Circle. Similar to the national organization, the Ohio District is operated by a Board, which has overall responsibility for the operations of the Ohio District. The Ohio District Board reports to the National Board and/or to its Executive Director, Robert Kestenbaum.
 {¶ 11} Significantly, the Ohio District is not incorporated within the State of Ohio or elsewhere, has no federal tax identification number, and owns no property in Ohio or elsewhere. Employees of the Ohio District of the Workmen's Circle are paid by the Workmen's Circle New York. Moreover, pursuant to the Constitution of the Workmen's Circle, all assets of the Ohio District are held in trust for the national organization.
 {¶ 12} At all times relevant to Arnoff's claims, Kestenbaum was the Executive Director of the New York Circle and reported to the National Executive Board in New York. As Executive Director, Kestenbaum served as manager of the New York Circle and had the responsibility and authority for hiring, firing and supervising all of its employees. At all times pertinent, Merdler was the Chairperson of the Ohio District.
 {¶ 13} Arnoff was retained to work for the Ohio District of the Workmen's Circle in August 1997, as its Director. In that position, he was responsible for all of the operations of the Ohio District. He reported directly to Merdler and indirectly to the Board of the Ohio District.
 {¶ 14} In early November 2001, Merdler informed Kestenbaum that the Ohio District had lost confidence in Arnoff. Kestenbaum told Merdler to discharge Arnoff on behalf of the Workmen's Circle New York; Merdler did so, and Arnoff filed suit.
 {¶ 15} Arnoff does not dispute that the federal tax identification number for the Workmen's New York Circle is 13-5493550 and that this number appears on his W-2 forms and the New York Circle Wage and Tax Registers. He also does not dispute that the W-2 forms and payroll ledgers identify his employer as Workmen's Circle New York, and that his contributions to an IRA account were matched by Workmen's Circle New York, not the Ohio District. He also does not dispute that the Ohio District is not incorporated in Ohio. Nevertheless, he contends that the Ohio District is a separate legal entity, capable of suing and being sued.
 {¶ 16} Arnoff initially contends that because the Ohio District has "some degree of autonomy" from the New York Circle under the organization's Constitution, it is "an independent entity [that] can sue and be sued under Ohio law." He cites no case law, however, for this arbitrary conclusion.
 {¶ 17} Arnoff then contends that the Ohio District is a separate legal entity, and he was an employee of that entity, because he was hired by the Board of Directors for the Ohio District, rather than by the New York Circle, and because the letter terminating his employment came from Merdler, as Chair of the Ohio District of the Workmen's Circle, rather than from Kestenbaum, as Executive Director of Workmen's Circle New York. We are not persuaded by this argument.
 {¶ 18} First, Arnoff admitted that he was not present at any Board meeting during which his hiring was discussed. Moreover, Merdler's letter terminating Arnoff's employment does not refute Kestenbaum's uncontradicted sworn statement that he directed Merdler to terminate Arnoff's employment on behalf of the New York Circle.
 {¶ 19} Arnoff also argues that he was employed by the Ohio District because the "determinative issue as to who employs another is `the right of control as to the manner and means of performing the work.'" Arnoff contends that, even though his paycheck came from Workmen's Circle New York, because he worked for the Ohio District, the Ohio District was his employer.
 {¶ 20} The cases cited by Arnoff in support of this proposition are easily distinguishable, however. Indeed, in Linden v. Cincinnati CycloneHockey Club (2000), 138 Ohio App.3d 634, the case Arnoff cites as "most informative for the issues presented," the sole issue involved whether an injured hockey player was entitled to worker's compensation benefits in Ohio (or elsewhere) since that was where he performed his activities. None of the cases cited by Arnoff suggest that the fact that Arnoff worked in Ohio for the Ohio District chapter of the New York Circle somehow transformed the Ohio District into an entity capable of hiring employees.
 {¶ 21} Moreover, Arnoff submitted nothing to contradict the evidence submitted by appellees that Arnoff was hired by the New York Circle, was answerable to New York Circle for his performance, and was ultimately fired by New York Circle.
 {¶ 22} Finally, Arnoff argues that the Ohio District is an unincorporated association and, therefore, can enter into an employment contract with him pursuant to R.C. 1745.01. This theory, however, was never raised or argued by Arnoff in the trial court. Rather, Arnoff's argument was that the Ohio District is a non-profit corporation and he was an officer of that corporation. A party cannot assert new legal theories for the first time on appeal and, accordingly, we need not consider this argument. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41.
 {¶ 23} In light of the uncontraverted evidence submitted by appellees, the trial court properly held that the Ohio District of Workmen's Circle is a chapter of a New York not-for-profit corporation with no independent legal status in Ohio or elsewhere. Accordingly, the trial court properly granted summary judgment in favor of appellees regarding counts one, two and three of Arnoff's complaint. Moreover, because Arnoff did not appeal the trial court's judgment regarding count four, he has waived appellate review of that aspect of the trial court's judgment.
 {¶ 24} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Cooney, J., concur.
[1] R.C. 1702.34 provides that the officers of a corporation "may be removed, with or without cause, by the persons authorized to elect or appoint the officer * * *." The thrust of Arnoff's allegation in count one was that he had a right to continue his employment as District Director of the Ohio District until he was removed from office by the Board of Directors, the governing body of the organization. Accordingly, Arnoff contended, neither Merdler nor Kestenbaum had authority to order his termination.