OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Stark County, Domestic Relations Division, extending the time period in which a civil protection order (CPO) would apply.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Kathleen Bennett and Appellant Robert Bennett were divorced in August, 2001.
 {¶ 3} In April, 2004, Appellee filed a petition for a civil protection order ("CPO") against Appellant in the Common Pleas Court of Stark County, Domestic Relations Division. The trial court held an evidentiary hearing and granted the CPO with an effective date of April 26, 2004, to April 26, 2005.
 {¶ 4} On February 9, 2005, the trial court had a hearing on motions for contempt and modification of the shared parenting plan. At said hearing, the CPO was also addressed. Counsel for Appellee moved the court to extend the CPO for an additional four (4) years, the maximum allowed by R.C. § 3113.31, because Appellee still feared Appellant. Appellee stated that Appellant continued to intimidate her by doing things such as repeatedly driving by her home. (T. at 8).
 {¶ 5} By Judgment Entry dated February 9, 2005, the Magistrate extended the CPO for four (4) more years.
 {¶ 6} Appellant filed an objection to the Magistrate's decision, arguing as follows:
 {¶ 7} "Respondent objects to the Magistrate's Judgment Entry with regard to the length of time that said CPO is in effect and with respect to this ability to attend the children's various extracurricular activities, as they are not specifically mentioned. Respondent, Robert P. Bennett, requests that the CPO be dismissed or in the alternative that it be amended to reflect a one years length of time and that he be allowed to attend all the children's extracurricular activities regardless of whether they are school related or not."
 {¶ 8} Appellant did not argue that the trial court failed to follow the procedural requirements for renewing a CPO.
 {¶ 9} On May 9, 2005, a hearing was held on said objection before Hon. David E. Stucki.
 {¶ 10} Again, Appellant did not argue that the trial court failed to follow the procedural requirements for renewing a CPO.
 {¶ 11} By Judgment Entry dated June 30, 2005, the trial court overruled Appellant's objections.
 {¶ 12} It is from this judgment entry that Appellant now appeals, raising the following sole Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND THEREBY PREJUDICED THE APPELLANT BY EXTENDING THE LENGTH OF TIME A CIVIL PROTECTION ORDER WAS TO BE IN EFFECT WHICH IS CONTRARY TO THE PROVISIONS ENUNCIATED IN R.C. 3113.31E(3)(a) AND E(4)(d)(b)(d)."
 I. {¶ 14} Appellant in his sole assignment of error argues that the trial court erred in sua sponte extending the date of the civil protection order. We disagree.
 {¶ 15} The applicable statutory provisions are R.C. § 3113.31
(E)(3)(a) and (c) which state:
 {¶ 16} (E)(3)(a) "Any protection order issued or consent agreement approved under this section shall be valid until a date certain, but not later than five years from the date of its issuance or approval.
 {¶ 17} "* * *
 {¶ 18} "(c) Any protection order issued or consent agreement approved pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved."
 {¶ 19} Appellant argues that the trial court erred in not following the proper procedural requirements for extending a CPO and should have afforded him a full hearing pursuant to the R.C. § 3113.31 before extending the time for the civil protection order.
 {¶ 20} A review of the record below, however, reveals that Appellant failed to raise this issue at the trial court level and argues it for the first time on appeal. If anything, Appellant seems to accept the trial court's authority in that he asks the trial court to modify the order from four years to one year.
 {¶ 21} It is well established that a party cannot raise any new issues or legal theories for the first time on appeal."Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7, citing Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43. We find that appellant therefore has waived review of this issue by failing to raise it at the trial level. See State v. Awan (1986), 22 Ohio St.3d 120, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193.
 {¶ 22} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 23} The decision of the Stark County Court of Common Pleas, Domestic Relations division is affirmed.
Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Domestic Relations Division, Stark County, Ohio, is affirmed. Costs assessed to Appellant.