OPINION *Page 2 
{¶ 1} Defendant-appellant Eugene B. McCall appeals his sentence entered pursuant to a remand from this Court for re-sentencing in the Muskingum County Court of Common Pleas on one count of Aggravated Robbery, a felony of the first degree, and one count of Robbery, a felony of the second degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 25, 2001, Appellant Eugene McCall was indicted by the Muskingum County Grand Jury on one count of Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1), a felony of the first degree and on one count of Robbery, in violation of Ohio Revised Code Section 2911.02(A)(2), a felony of the second degree.
 {¶ 4} This matter proceeded to trial on December 28, 2000.
 {¶ 5} On January 2, 2001, following deliberations, Appellant Eugene McCall was convicted on both counts subsequent to a jury trial.
 {¶ 6} On February 12, 2001, Appellant was sentenced to the maximum stated prison term of ten (10) years.
 {¶ 7} On March 9, 2001, Appellant appealed his conviction and sentence to this Fifth District Court of Appeals. The issues before this Court at that time were whether the out-of-court identification of the Appellant by a victim was unduly suggestive and whether the verdict of the jury was against the manifest weight of the evidence. By Opinion and Judgment Entry dated October 10, 2001, this Court affirmed Appellant's conviction and sentence. *Page 3 
 {¶ 8} On March 21, 2002, Appellant filed an Application for Delayed Reopening of Appeal pursuant to Ohio Rule of Appellate Procedure 26. This Application was denied by an Order dated May 2, 2002.
 {¶ 9} In January of 2003, Appellant filed a Writ of Habeas Corpus in the United States District Court. This Writ was also denied.
 {¶ 10} In January of 2004, Appellant filed a Motion for Delayed Appeal in the Ohio Supreme Court. However, this appeal was never perfected and no further action transpired.
 {¶ 11} On June 7, 2004, Appellant filed an Application for DNA Testing in the original Trial Court. This Application was denied by an Order dated January 13, 2005, whereby the Trial Court held that DNA Testing would not be "outcome determinative."
 {¶ 12} On August 30, 2004, Appellant filed a Petition for Redress of Grievances and to Vacate the Void Judgment in the Trial Court. This petition was denied by an Order dated January 13, 2005, wherein the Trial Court held that the said issues should have been raised by a Motion for Post-Conviction Relief and that the time for filing such relief had lapsed.
 {¶ 13} On January 31, 2005, Appellant filed his Appeal of the denial of his Petition for Redress of Grievances and to Vacate the Void Judgment.
 {¶ 14} On March 3, 2005, Appellant filed a Motion for Post-Conviction Relief pursuant to R.C. § 2953.21. That matter was stayed pending the resolution of the pending appeal at the time.
 {¶ 15} On January 10, 2006, the Court of Appeals affirmed the Trial Court's denial of the Application and Petition. *Page 4 
 {¶ 16} On March 20, 2006, Appellant was re-sentenced to the maximum stated prison term of ten (10) years by the Trial Court. Appellant's counsel was appointed to represent Defendant at the re-sentencing hearing and on its appeal. A timely Notice of Appeal was duly filed April 19, 2006.
 {¶ 17} Appellant now assigns the following error for review:
 ASSIGNMENT OF ERROR {¶ 18} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, § 16 OF THE OHIO CONSTITUTION WHEN IT RESENTENCED APPELLANT TO THE MAXIMUM STATED PRISON TERM OF TEN (10) YEARS WITHOUT PROVIDING APPELLANT REASONABLE NOTICE OF THE RESENTENCING HEARING."
 I {¶ 19} In Appellant's sole assignment of error, he argues that the trial court erred in not providing him with reasonable notice of the re-sentencing hearing. We disagree.
 {¶ 20} Appellant argues that he was not given any notice as to why he was transferred to Muskingum County or what had prompted such event. He claims that, as a result, he was unable to adequately prepare for his re-sentencing hearing and that such violated his constitutional right to due process.
 {¶ 21} A review of the transcript of the re-sentencing hearing reveals that appellant failed to raise any objection to the timing of such hearing or the lack of notice of same at the trial court level and argues it for the first time on appeal. Appellant *Page 5 
expressed no concerns on the record as to any lack of preparation or desire for time for further preparation.
 {¶ 22} We therefore find that Appellant has waived review of this issue by failing to raise it at the trial level. See State v. Awan
(1986), 22 Ohio St.3d 120, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue. It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7, citingStores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615.
 {¶ 23} Accordingly, we overrule Appellant's sole assignment of error. Appellant's sentence entered in the Muskingum County Court of Common Pleas is affirmed.
Wise, J. Farmer, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's sentence entered in the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1