OPINION
Defendant-appellant/cross-appellee, James L. Dolan, Jr. ("appellant"), appeals from the judgment entry of the Trumbull County Court of Common Pleas granting appellant and plaintiff-appellee/cross-appellant, Patricia A. Dolan ("appellee"), a divorce. Specifically, appellant objects to the valuation and division of the parties' pension benefits.
The parties married on June 26, 1971. Appellee filed a complaint for divorce on August 23, 1999. There is no answer by appellant in the record before this court. A hearing was held before the trial court, commencing August 1, 2000. At the hearing, the attorneys for both parties agreed on the values of the pensions of appellant and appellee. Appellant testified he felt half of his pension should be awarded to appellee, while he should receive half of appellee's pension upon her retirement. Appellant acknowledged he would not receive any portion of his wife's pension until her retirement. This was the only testimony regarding his pension offered by appellant. No evidence was submitted by appellant reflecting a valuation of his pension or that of appellee's pension.
On November 28, 2000, the trial court issued its judgment entry of divorce. In its findings of fact, the trial court explained that appellant had a pension with Sharon Steel, which he is currently receiving. Appellee has a pension with Delphi Packard. Both pensions were accrued during the marriage. The trial court acknowledged that appellant asked that it issue a Qualified Domestic Relations Order ("QDRO") for both pensions. However, the court found it was better to disentangle the parties, since there were sufficient assets to distribute the property equally. The court stated it was provided with present day values of the pensions as calculated by an outside attorney, by agreement of the parties. That information was recalculated to use the same years for both parties. Counsel for both parties agreed that the dates on the valuations were the dates to be used for determination of pension values. The trial court valued appellant's pension at $86,978.32 and appellee's pension at $51,228.98. Each party was awarded their own pension in the property division. Appellant has appealed from the judgment of the trial court.
Appellant assigns the following error for review:
 "The trial court decision as to the division and allocation of the parties respective pensions has resulted in an inequitable division of the assets, and accordingly is in error and an abuse of discretion."
Upon appeal, appellant disputes the valuation and division of the parties' pensions. Appellant contends it was error to assume appellee would retire at age 65 and receive benefits from then until age 81, her life expectancy. Appellant then calculates what he and appellee would expect to receive in benefits over their respective lifetimes. Based upon this calculation, appellant argues the trial court did not obtain a result which would preserve the pension in a way that the parties would receive the most benefit. Appellant maintains appellee will receive more than he in pension benefits over her lifetime, rendering the valuation of their pensions inaccurate and inequitable.
A review of the record before this court shows that appellant never raised this argument below nor presented the calculation he now contends is correct to the trial court for its consideration. It is well established that a party cannot raise any new issues or legal theories for the first time on appeal. See Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43. Because appellant did not present this argument, or any evidence in support of a different valuation below, appellant has waived any assertion of error upon appeal.
Appellant also asserts the trial court should have granted his request to issue a QDRO for the pension benefits of himself and appellee. A trial court has broad discretion in formulating an equitable distribution of marital property. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. The trial court's judgment will not be disturbed upon appeal unless that discretion is abused. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The term abuse of discretion implies more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
A vested pension plan accumulated during marriage is a marital asset subject to distribution between the parties. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. A trial court must determine the value of a pension but has considerable latitude regarding the method used in the valuation. Spurlock v. Spurlock (Dec. 15, 1995), 11th Dist. No. 94-A-0026, 1995 Ohio App. LEXIS 5568.
At trial, appellant offered no evidence, beyond his own, brief, speculative testimony, regarding the benefits of the trial court issuing a QDRO for the two pensions. Because he offered no evidence on this issue, appellant has waived the right to assert the argument on appeal. SeeFerrero v. Ferrero (June 8, 1999), 5th Dist. No. 98-CA-00095, 1999 Ohio App. LEXIS 2848. Further, the parties agreed that a particular attorney would value their respective pensions. They also agreed that the dates on the valuations provided by the attorney were the dates to be used in determining the value of the pensions. The court's finding that it was better to disentangle the parties because there were sufficient assets to distribute property equally was not, based upon the evidence submitted below, an abuse of discretion.
Further, appellant's cursory statement in his brief regarding the failure of the trial court to grant his request that a QDRO be issued for the pension benefits contains no citations to the record or authority in support as required by App.R. 16. As such, this court may disregard his argument.
Appellant's sole assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
JUDITH A. CHRISTLEY, P.J., concurs, ROBERT A. NADER, J., dissents.