OPINION.
{¶ 1} Ernest Rizzo, Jr. ("appellant") appeals the decision of the Eastern District Court of Trumbull County. In that decision, the trial court found appellant guilty of driving under the influence of drugs, a violation of R.C. 4511.19(A)(1). For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} The following facts were testified to at trial. On March 30, 2002, the Trumbull County 911 Center received a cellular phone call from a citizen complaining of an intoxicated driver heading southbound on State Route 7. The citizen stated that appellant was driving "all over the road." While following appellant, the caller then told the dispatcher that appellant's vehicle had pulled into Maloney's Market on State Route 7 in Vernon Township, Ohio. Further, the citizen caller also correctly identified the make and license plate of appellant's vehicle.
 {¶ 3} While receiving the citizen's cellular phone call, the 911 dispatcher relayed the information to Deputy Carr, who proceeded to Maloney's Market to try and find the vehicle in question. Upon arriving at Maloney's Market at approximately 11 P.M., Deputy Carr located appellant's vehicle in the parking lot, noticed that the engine was still running, observed that the headlights were on, and noticed appellant slumped over the steering wheel. After closer examination, Deputy Carr noticed that appellant's vehicle was still in drive and that appellant's foot was on the brake. Afraid that appellant would be startled and remove his foot from the brake when awakened, Deputy Carr reached into the vehicle and placed it into park.
 {¶ 4} As he proceeded to wake up appellant, Deputy Carr noted that appellant had glossy, bloodshot eyes and slurred speech. Deputy Carr also noticed that appellant was disoriented and could not identify his location. Subsequently, appellant admitted to taking medication earlier in the day and Deputy Carr found a bottle of mixed pills in appellant's possession. Due to a shift change at the time of this incident, Deputy Carr turned the investigation over to Deputy Diehl and Officer Schimpf.
 {¶ 5} Officer Schimpf, noting that appellant appeared to be under "some kind of influence", spoke with appellant for about fifteen minutes. Officer Schimpf also noticed appellant had slurred speech and appeared very groggy. Officer Schimpf then gave appellant the HGN test, the step test, and the one-legged stand test. Appellant failed all three of the field sobriety tests administered by Officer Schimpf. Appellant was taken to a nearby hospital and given a Breathalyzer test, where he registered a .001. Appellant was subsequently arrested for driving under the influence of drugs.
 {¶ 6} At the June 13, 2002 bench trial, appellant was found guilty of driving under the influence of drugs, a violation of R.C. 4511.19(A)(1). This timely appeal followed. Appellant raises one assignment of error for our review:
 {¶ 7} "The appellant's conviction is against the manifest weight of the evidence."
 {¶ 8} In reviewing a manifest weight of the evidence claim, the appellate court, "reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin(1983), 20 Ohio App.3d 172, 175. "The discretionary power to grant a newtrial should be exercised only in the exceptional case in which theevidence weighs heavily against the conviction." Id. Furthermore, "theweight to be given the evidence and the credibility of the witnesses areprimarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} Appellant argues that the trial court lost its way in convicting appellant because the trial court: "(1) mistook the uncontroverted evidence that appellant had registered a .001 on the B.A.C. test, rather than a .01 as stated by the trial court; (2) believed that appellant was not getting all of his medications from one doctor * * *; and (3) relied upon its own `experience' concerning pharmaceuticals such as Oxycontins * * *." Following a thorough review of the record, we disagree with appellant.
 {¶ 10} Appellant contends that the trial court mistakenly thought that appellant's Breathalyzer test resulted in a reading of .01 instead of .001. However, the record indicates that it was appellant who corrected the trial court stating: "I have no idea. It was .001." As to the issue of the number of doctors prescribing medication to appellant, the record again indicates that it was appellant, when asked by the trial court if he was receiving the prescriptions from one doctor, who responded "Yes, I am." Further, prior to its discussion of Oxycontin, the trial court began by saying "Based on your own testimony * * *." As a result, we conclude that the trial court was made aware of any inaccuracies prior to issuing its decision and the arguments raised by appellant are without merit.
 {¶ 11} R.C. 4511.19(A)(1) states: "No person shall operate any vehicle, * * *, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Under R.C. 4729.01, drugs that "may be dispensed only upon a prescription" qualify as drugs of abuse under R.C. 4511.19(A)(1). See R.C. 3799.011. At trial, appellant admitted that he had several prescriptions for strong pain relievers such as Oxycontin and Percocet, as well as a prescription for Valium to help combat his depression. This was confirmed at trial as the single bottle appellant handed to the Deputy contained two Oxycontins, three Percocets, and six Valiums. Deputy Diehl also testified that none of the pills found in the bottle matched the label on the bottle. No objections were raised by appellant, at trial, relating to the description and identification of the pills found on him at the time of his arrest.
 {¶ 12} Appellant testified that he had taken at least one Oxycontin and one Wellbutrin earlier in the day prior to driving. Appellant also acknowledged that his doctor had warned him about the effects these medications would have on appellant's ability to drive. Further, Deputy Diehl and Officer Schimpf both testified that appellant could not tell them where he was or where he was coming from when they questioned him. This testimony support appellant's conviction, especially when appellant himself testified that he had driven State Route 7 "thirty to fifty times" prior to the night in question.
 {¶ 13} It is uncontroverted that when Deputy Carr approached appellant, the keys were in the ignition, the car was running, the headlights were on, and the car was in drive. The Supreme Court of Ohio has determined that the above factors satisfy the definition of operating a motor vehicle within the context of R.C. 4511.19. State v. Cleary
(1986), 22 Ohio St.3d 198. Further, the testimony of Deputies Carr and Diehl, along with that of Officer Schimpf, indicate that appellant was groggy, glossy eyed, and slurred his speech throughout the course of the stop. Appellant also failed three field sobriety tests. This court has held that the above factors are sufficient to support a conviction for driving under the influence. State v. Livengood, 11th Dist. No. 2002-L-044, 2003-Ohio-1208, 2003 Ohio App. LEXIS 1137; State v. Lawless
(June 25, 1999), 11th Dist. No. 98-P-0048, 1999 Ohio App. LEXIS 2941. Furthermore, this court has held that a cellular phone tip made by a citizen informant reporting erratic driving to the police is reliable if the stop is challenged and the state is able to show the factual basis for the stop. Livengood, supra, at *9 (citation omitted).
 {¶ 14} The record indicates appellant was reported to have engaged in a pattern of erratic driving prior to pulling into Maloney's Market. After receiving an accurate description of the vehicle's location, make and license plates, Deputy Carr then had reasonable suspicion to initiate an investigatory stop of appellant. Id. Upon engaging appellant, Deputy Carr found appellant's vehicle to be operable within the meaning of R.C.4511.19. Cleary, supra. Appellant admitted to have taken several powerful prescription drugs earlier in the day. Appellant was groggy, disoriented, and could not remember a location that he had driven past at least thirty to fifty times prior to this incident. Appellant subsequently gave the police a pill bottle containing a mixture of at least three different medications including Oxycontin, Percocet, and Valium. Further, appellant failed the three field sobriety tests administered to him during the stop.
 {¶ 15} Because neither the citizen informant, nor the dispatcher testified at the suppression hearing in this case, the testimony of the police officer concerning the citizen informant's tip was arguably hearsay. Appellant, however, failed to object to the admission of such testimony. "[A]n appellate court will not consider any error which . . . [the complaining party] could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus. Such errors are waived and cannot be raised upon appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43.
 {¶ 16} In the absence of an objection, the trial court may rule evidence inadmissible to avoid plain error. Evid.R. 103(D). Evidentiary rulings, however, are within the discretion of the trial court. State v.Long (1978), 53 Ohio St.2d 91, 98. Such evidentiary rulings by the trial court will not be found in error absent an abuse of discretion. Id. An abuse of discretion consists of more than an error of law or judgment, rather it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. Because this court cannot conclude that the trial court's decision to allow the testimony was unreasonable, arbitrary or unconscionable, permitting such testimony did not constitute plain error.
 {¶ 17} Based on the record before us, we hold that the trial court did not lose its way in convicting appellant of driving under the influence of drugs. Appellant's sole assignment of error is overruled. The decision of the trial court is hereby affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only with a concurring opinion.