JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant T.W. ("appellant") appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, granting permanent custody of her children, La.B., Lo.B., and M.W. II to defendant-appellee Cuyahoga County Department of Children and Family Services ("CCDCFS"). Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court's decision.
 I {¶ 2} On April 24, 2001, M.W. was arrested for the rape of his stepdaughter, La.B. M.W. was living in the home with his wife, appellant T.W., their son M.W. II, and appellant's two other children, La.B. and Lo.B. M.W. was ultimately convicted of raping La.B., for which he is serving multiple life sentences in prison.
 {¶ 3} On April 24, 2001, CCDCFS filed a complaint for emergency custody seeking temporary custody of the children, La.B., Lo.B., and M.W. II. On April 26, 2001, an emergency custody hearing was held and CCDCFS received emergency temporary custody of all three children. The matter was set for a preliminary hearing on July 18, 2001. After removal, the children were placed with their maternal grandparents. They were later moved to foster care. The hearing that was set for July 18, 2001 was continued to September 5, 2001. The October 10, 2001 and November 21, 2001 hearings did not go forward. On January 2, 2002, the children were adjudged to be abused and neglected and were placed in the temporary custody of CCDCFS. On March 26, 2002, CCDCFS filed a motion to modify temporary custody to permanent custody.
 {¶ 4} Trial started on October 1, 2002 and was completed on October 3, 2002. Testimony was taken from CCDCFS social worker Patricia Billingsley, children's therapist David Aiken, New Hope Foster Care Agency clinician Jolanda Davila Mason, CCDCFS social worker Sally McHugh, appellant, and M.T., father of La.B. and Lo.B.
 {¶ 5} On October 9, 2002, the trial court issued its journal entry awarding permanent custody of the children to CCDCFS. The journal entry was journalized on October 10, 2002. Appellant is now appealing from the trial court's decision.
 II {¶ 6} Appellant's first assignment of error states: "The trial court erred by granting permanent custody to CCDCFS when the decision was not supported by the manifest weight of the evidence."
 {¶ 7} The standard of proof to be used by the trial court when conducting permanent custody proceedings is that of clear and convincing evidence. In considering an award of permanent custody, the court must determine whether, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody and that the child cannot be placed with either parent within a reasonable time. See R.C.2151.414(B).
 {¶ 8} In reviewing factual issues, an appellate court will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is supported by some competentcredible evidence going to all essential elements of the case. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 9} In determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment most favorable to sustaining the verdict and judgment. Seasons Coal Co. v. Cleveland,10 Ohio St.3d 77.
 {¶ 10} An award of permanent custody of children who are neither abandoned nor orphaned is controlled by R.C. 2151.414(B)(1). Under this section, an agency seeking permanent custody must prove to the trial court, based on clear and convincing evidence, that (1) the granting of permanent custody is in the best interest of the children, and (2) the children cannot be placed with either parent within a reasonable time or should not be placed with their parents. R.C. 2151.414(D) lists those factors that a trial court should consider in determining what is in the best interest of the children, and 2151.414(E) establishes the grounds used by the trial court to determine if a child cannot or should not be returned to his or her parent.
R.C. 2151.414(D) states:
 "* * * The court shall consider all relevant factors, including, butnot limited to, the following:
 The interaction and interrelationship of the child with his parents,siblings, relatives, foster caregivers and out-of-home providers, and anyother person who may significantly affect the child;
 The wishes of the child, as expressly directed to the child or throughthe guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child * * *;
 The child's need for a legally secure placement and whether the type ofplacement can be achieved without a grant of permanent custody to theagency. * * *"
 {¶ 11} It is with the above standards in mind that we now analyze the trial court's decision granting permanent custody to CCDCFS. There is substantial evidence in the record supporting the trial court's decision. For example, in the guardian ad litem report ("GAL report") filed January 3, 2002 by guardian ad litem Stephen DeJohn, DeJohn recommends that it is in the children's best interest for CCDCFS to be granted permanent custody. DeJohn supports his recommendation of permanent custody in the GAL report. For example, DeJohn states in his report that he is recommending permanent custody because: (1) the mother testified at the rape trial of her ex-husband, in his favor, that he did not sexually abuse her daughter; (2) the mother has consistently remained in denial on this issue despite testimony from the daughter at trial and professional opinions to the contrary; (3) M.W. was ultimately convicted on 12 counts of rape and sentenced to at least 120 years in prison; (4) the mother has some mental health issues and has failed to utilize services designed to help in this regard at times; (5) the children have been in foster care in Newark, Ohio for almost two years and it has nonetheless been positive for their mental and emotional stability; (6) there has been a lack of progress on the case plan issues by the parents; and (7) the wishes of the children for the placement and improvement in the children in their foster placement.[1]
 {¶ 12} In addition to the GAL report's supporting the granting of permanent custody of the children to the CCDCFS, the trial court also provided substantial support for its decision to award permanent custody to the CCDCFS. The trial court based its findings on the following: (1) the parents demonstrated lack of commitment toward the children by failing to regularly support, visit, or communicate with the children when able to do so; (2) the parents' continual failure to substantially remedy the conditions causing the children to be placed outside the home; (3) the fact that the children have been in the temporary custody of CCDCFS for 12 or more months of a consecutive 22-month period; and (4) the recommendation of the GAL to grant permanent custody of the children to CCDCFS.[2]
 {¶ 13} A review of the evidence before the trial court reveals that the trial court properly granted permanent custody to CCDCFS and the evidence presented supported the termination of appellant's parental rights by clear and convincing evidence. Furthermore, we find that the findings of the trial court were supported by sufficient competent credible evidence, and were, therefore, not an abuse of discretion.
 {¶ 14} Appellant's first assignment of error is denied.
 III {¶ 15} Appellant's second assignment of error states: "No credible evidence existed to support the juvenile court finding that the Cuyahoga County Department of Children and Family Services made `reasonable efforts' to reunify [La.B., Lo.B., and M.W. II] and denial of visitation was improper and prejudicial to [T.W.]."
 {¶ 16} In the case sub judice, the motion for permanent custody in this case was filed pursuant to R.C. 2151.413. Therefore, a reasonable efforts finding to reunify the children is not required.[3]
 "R.C. 2151.419 requires the court to determine whether the publicchildren services agency that filed the complaint in the case has madereasonable efforts to make it possible for the children to return safelyhome. However, that statute applies only to hearings held pursuant [to]R.C. 2151.28, division (E) of R.C. 2151.31, R.C. 2151.314, R.C. 2151.33or R.C. 2151.353. The motion for permanent custody in this case was filedpursuant to R.C. 2151.413. Therefore, the reasonable efforts demonstrationis not required in the instant permanent custody analysis." (Emphasisadded.) In re C.N., Cuyahoga App. No. 81813, 2003-Ohio-2048, at paragraph37.
 {¶ 17} The case sub judice involved a motion of permanent custody filed pursuant to R.C. 2151.413; therefore, no reasonable efforts finding was required. Even though a reasonable efforts finding was not required,
the CCDCFS did make reasonable efforts to reunify the children.
 {¶ 18} Indeed, the trial court found that reasonable efforts were made by the CCDCFS to prevent the removal and the continued removal of the children from the home and to finalize a permanency plan. Referrals were made for parenting education classes, domestic violence counseling, mental health counseling, and drug and alcohol assessments. These findings are supported by sufficient competent credible evidence in the trial record, including testimony that appellant acknowledged receiving a case plan which included parenting, counseling, domestic violence counseling, and Mobile Crisis counseling.[4]
 {¶ 19} In addition to making reasonable efforts, it is clear that the CCDCFS also made a good faith effort at reunification. Prior to seeking permanent custody, an agency must make a good faith effort to implement a reunification plan. In re Angel Grant, Cuyahoga App. No. 71046. A good faith effort has been determined to be an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage. In re Moore, Cuyahoga App. No. 76942.
 {¶ 20} As previously stated, appellant failed to continue to utilize the mental health services provided and failed to regularly support, visit, or communicate with her children. Furthermore, appellant failed to maintain stable housing. R.C. 2151.419(A) may have an implied exception where the continuous conduct of the parent renders additional efforts by CCDCFS futile. In re Efaw, Athens App. No. 97CA49.
 {¶ 21} Appellant has shown an inability to complete the case plansformulated by the CCDCFS that would have enabled her to be reunified withher children. She failed to regularly support, visit, or communicate with the children. In addition, appellant's children have expressed the desire not to be reunited with their mother. It is clear that, although the children are not abandoned or orphaned, the longstanding problems, coupled with a lack of stable, suitable housing, demonstrate an inability to provide the children with a home environment that would be in their best interests. As previously indicated, even though appellant's motion for permanent custody was filed pursuant to R.C. 2151.413, thereby eliminating the reasonable efforts requirement, the CCDCFS still utilized reasonable efforts at reunification.
 {¶ 22} Appellant's second assignment of error is denied.
 IV {¶ 23} Appellant's third assignment of error states: "The trial court committed reversible error by not permitting appellant's counsel to examine the guardian ad litem with respect to the contents of his report submitted after the hearing, thereby violating appellant's right to due process and also erred by relying on the recommendations of the guardian ad litem who failed to conduct a thorough investigation."
 {¶ 24} The Supreme Court of Ohio has held that "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised on appeal." Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41,322 N.E.2d 629. See, also, In re Coyne, Cuyahoga App. Nos. 73798 and 73779.
 {¶ 25} This court has previously held that, absent a timely objection in the trial court, no reversible error occurs, even when no guardian report is ever filed. In re Nicholson, Cuyahoga App. Nos. 75533, 75534, 75535, 75536, 75537, 75538, and 75539. Also, see, In reCordell (April 2, 1992), Cuyahoga App. Nos. 60049 and 60050, citingShiflett v. Korp (Sept. 27, 1990), Cuyahoga App. No. 58293, at page 6.
 {¶ 26} As in Nicholson, Cordell and Shiflett, appellant never objected to the procedure followed in the case at bar and, therefore, waived any claim of error. No objection was made to the manner in which DeJohn performed his duties as guardian ad litem during the pendency of the proceedings before the trial court. In addition, appellant did not make an objection regarding a failure to submit the GAL's report at the hearing in question. Furthermore, appellant did not object to the judge's express intention to receive and consider the report after the hearing, or to the judge's order to submit the report for consideration after the hearing. "Failure to assert a right is not the same as being prevented from asserting a right." In re Kutcher, Belmont App. No. 02 BE 58, 2003-Ohio-1235, at paragraph 24.
 {¶ 27} Appellant's third assignment of error is denied.
 {¶ 28} The judgment is affirmed.
Judgment affirmed.
Kenneth A. Rocco, A.J., and Patricia A. Blackmon, J., concur.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] See report of guardian ad litem filed January 3, 2002.
[2] See trial court journal entry filed October 3, 2002.
[3] R.C. 2151.419 states the following: "(A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section2151.28, division (E) of section 2151.31, or section 2151.314 [2151.31.4],2151.33, or 2151.353 [2151.35.3] of the Revised Code at which the court removes a child (continued) (. . . cont.) from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. * * *" (Emphasis added.)
[4] See October 1, 2002 transcript pgs. 20-21, 34-35, 37.