JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
After a trial to the court, defendant-appellant, Latasha Smith, appeals the judgment contained in a one-sentence entry that awarded the plaintiff-appellee, Norman Pearson, Sr. d/b/a Heavenly Son, $3,075 and that found for the "Plaintiff on Defendant's counterclaim."
A complaint was filed by Pearson for nonpayment in the amount of $4,413.75 on a contract for improvements made at Smith's residence. Smith had entered into the contract with Pearson at a total cost of $8,150. Smith also used her residence for a business called All for Kids Daycare. An initial deposit of $4,075 was paid by Smith with an All for Kids Daycare check. A written notation "Business Improvement" was made on the face of the check in the lower left. Departures from the original scope of the work occurred for a variety of reasons, some because the conditions on Smith's property when the contract was signed were not as Smith believed and others because Smith had requested them. Smith contended that the quality of the work performed by Pearson was unsatisfactory. And in a counterclaim, she contended that because Pearson had failed to provide a receipt for the deposit she had paid, he had committed a deceptive practice under the Ohio Consumer Sales Practices Act.[1] On appeal, Smith now raises three assignments of error.
In the first assignment of error, Smith contends that the Ohio Consumer Sales Practices Act (" the Act"), R.C. 1345.01 et seq., should have been found applicable to the transaction between her and Pearson. R.C. 1345.01(A) provides, "`Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(D) defines a consumer as "a person who engages in a consumer transaction with a supplier."
During the trial, when asked specifically by the court whether she had made a payment towards the contract out of a commercial account, Smith responded, "Yes." As Smith also insisted that she had made a payment by writing a check on her personal account, when asked by the trial court to produce that check, she admitted, "I don't have it."
Smith correctly notes that this court in Ganson v. Vaughn
held that a receipt for a deposit made by a consumer that failed to set out a store's refund policy violated the Act. But, before the adequacy of a receipt for a deposit is addressed, it must first be determined whether the Act applies to a particular transaction. Clearly Ganson v. Vaughn concerned a purely consumer transaction, a custom hairpiece purchased due to the side effects of medical treatment for cancer.[2] The facts in the case sub judice are quite different.
In Cockrell v. Willett,[3] the Fourth Appellate District decided that damages pursuant to the Act were properly denied where a house improperly roofed was a rental property, and the contract for repairs was therefore not a consumer transaction. The home was owned by a mother and rented to her daughter and son-in-law.[4] In the case sub judice, the trial court had disputed testimony and exhibits before it as to whether the transaction between Smith and Pearson was subject to the Act in light of the method of payment, the nature of the improvements made to the property, and its concurrent use for a daycare business.
A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[5] Since the trial court is best able to view the witnesses and observe their demeanor when it weighs the credibility of the testimony, there is a presumption that the findings of the court are correct.[6]
On this record, we cannot overturn the trial court's judgment that the Act was inapplicable based on the conflicting evidence and testimony adduced at trial. Because the Act was properly found to be inapplicable, Smith's counterclaim for a deceptive consumer sales practice failed. And although it would have been helpful for appellate review if the trial court had made more detailed findings, we also do not disturb the amount of the damages awarded to Pearson in view of differences in the evidence concerning the cost, necessity, and extent of the work performed beyond the scope of the original contract. Thus, the first assignment of error is overruled.
In the second assignment of error, Smith contends that it was error to allow Pearson to "put on a defense to Smith's counterclaim without first determining whether Pearson's late answer was a valid pleading." In the third assignment of error, Smith contends that the trial court erred "in failing to hold that all of the essential elements required to prove defendant-appellee Smith's counterclaim and motion for summary judgment for violation of the consumer act were established when plaintiff-appellee Pearson failed to respond to Smith's requests to admit." The proceedings below were not a model of civil procedure. But, a trial court generally has broad discretion in procedural matters.[7] The record shows that this controversy proceeded to trial without a ruling on Pearson's motion for leave to file an answer out of time and without objection by Smith to any procedural deficiencies prior to trial. Errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised for the first time on appeal.[8] Thus, we overrule the second and third assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Painter, JJ.
[1] See Ohio Adm. Code 109:4-3-07.
[2] See Ganson v. Vaughn (1999), 135 Ohio App.3d 689,691-692, 735 N.E.2d 483.
[3] See Cockrell v. Willett (Aug. 5, 1994), 4th Dist. No. 93 CA 1945; see also, Ostrander v. Andrew (May 31, 2000), 9th Dist. No. 19833 (while malfunctioning computer was used for some personal purposes, the computer was not purchased primarily for personal use).
[4] See Cockrell v. Willett (Aug. 5, 1994), 4th Dist. No. 93 CA 1945.
[5] See C.E. Morris. Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
[6] See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
[7] See Kenwood Office Associates v. The Maryland RegionalImpotence Ctr., Inc. (Dec. 26, 1997), 1st Dist No. C-970049.
[8] See Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629.