OPINION
{¶ 1} Appellant, Daniel Maiorana, appeals the April 7, 2003 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, in which the trial court ordered that appellee, Susan P. Maiorana, prepare and submit a qualified domestic relations order ("QDRO") and a domestic relations order ("DRO") distributing appellant's Metropolitan Life ("Metlife") Annuity.
 {¶ 2} Appellant and appellee were married on October 21, 1978, and one child was born as issue of the marriage, who is emancipated. Appellee filed for divorce on October 11, 2000. A divorce decree was entered on February 21, 2001, and it incorporated a separation and property settlement agreement. For purposes of this appeal, the relevant portion of the divorce decree states that:
 {¶ 3} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a separate [QDRO] may be issued in this matter. The litigantsshall take all action necessary to prepare and present forsignature and filing any QDRO required by this judgment entry. Nojust cause for delay exists.
 {¶ 4} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that tothe extent permitted by law, the Rockwell and Metlife definedbenefit pension (annuity) shall be converted to non-survivorshippayout." (Emphasis added.)[1]
 {¶ 5} The separation and property settlement agreement at Section 2.5 provided that:
 {¶ 6} "The parties shall divide [appellant's] defined benefit pension (consisting of an annuity with [Metlife] and a pension with Rockwell) by [QDRO] (to be prepared by[appellee])*, which is currently in payout status." (Emphasis added.)[1]
 {¶ 7} The asterisk noted that the QDRO was to be "[b]ased ona coveture fraction using [appellant's] date of employment(7/1/72), the date of marriage and February 15, 2001." (Emphasis added.)[1]
 {¶ 8} On March 11, 2003, appellee through her attorney prepared a QDRO and submitted it to the trial court. The QDRO recognized the existence of an alternate payee's right to receive a portion of the participant's benefits under an employee sponsored defined benefit pension plan called the Rockwell Retirement Plan. On March 14, 2003, appellee through her attorney prepared a DRO "intended to divide a participant's annuity that was purchased through Reliance Electric Group Annuity Contract with [Metlife], GAC Number 9237," and that applied to the Metlife annuity. Appellee's attorney certified that the QDRO and DRO were sent to appellant at 7970 Mentor Avenue, Mentor, Ohio 44060, on March 11, 2003 and March 14, 2003, respectively. Both the QDRO and DRO were journalized by the trial court on April 7, 2003. Appellant timely filed the instant appeal and raises the following as error:
 {¶ 9} "[1.] The trial court erred in approving appellee's [QDRO] when it was incorrect, as it failed to equalize the defined benefit pension according to coveture fraction regarding the [Metlife] Annuity.
 {¶ 10} "[2.] The lower court erred in accepting the QDRO and DRO filed by [appellee], as it impermissibly expanded the benefits to which appellee was entitled to under the separation agreement and was filed without appellant's signature.
 {¶ 11} "[3.] The trial court erred in accepting the QDRO and DRO, as they contained a survivorship clause and a continued jurisdiction clause contrary to the judgment entry of divorce."
 {¶ 12} Under the first assignment of error, appellant alleges that the trial court erred in approving appellee's QDRO even though it was incorrect because it did not equalize the defined benefit pension according to the coveture fraction regarding the Metlife annuity.
 {¶ 13} When presented with a pension or retirement fund, the trial court is charged with the goal of preserving the asset so that each party can procure the most benefit. Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, 181. A trial court has broad discretion in formulating an equitable distribution of marital property. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. The trial court's judgment will not be disturbed upon appeal unless that discretion is abused. Booth v. Booth (1989),44 Ohio St.3d 142, 144. The term abuse of discretion implies more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} A vested pension plan accumulated during marriage is a marital asset subject to distribution between the parties.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132. A trial court must determine the value of a pension but has considerable latitude regarding the method used in the valuation. Spurlock v.Spurlock (Dec. 15, 1995), 11th Dist. No. 94-A-0026, 1995 WL 869966, at 6.
 {¶ 15} As mentioned above, the divorce decree provided that the Metlife defined benefit pension was to be converted to non-survivorship payout. The separation and property settlement agreement then stated that the parties were to divide appellant's defined benefit pension by QDRO based on a coveture fraction using appellant's date of employment, the date of the marriage, and the date of February 15, 2001. This is exactly what the QDRO and DRO provided, except that the QDRO and DRO fleshed out the agreement in much more detail, as was the purpose. The QDRO and DRO detailed when appellee would be entitled to begin distributions, how those distributions would be calculated, the effect of appellant's death, and other contingencies.
 {¶ 16} In appellee's brief, she attached a September 3, 2003 letter from the administrator of Metlife to her attorney. However, we note that this letter is technically not part of the record before us and, therefore, we cannot consider it.
 {¶ 17} If the provisions of the QDRO and DRO could not be any more detailed or inclusive than the language of the divorce decree, the QDRO and DRO would have served no purpose. Thus, it is our view that the trial court reasonably concluded that the language of the QDRO and DRO reflected the parties' agreement at the time of the divorce decree. Appellant's first assignment of error is without merit.
 {¶ 18} For the second assignment of error, appellant argues that the trial court erred in accepting the QDRO and DRO filed by appellee because it impermissibly expanded the benefits to which appellee was entitled to under the separation agreement, and it was filed without appellant's signature.
 {¶ 19} As discussed in the first assignment of error, the QDRO and DRO provided more detail than the separation and property settlement agreement. It is our position that the trial court reasonably concluded that the QDRO and DRO reflected the parties' intention at the time of the divorce decree since any handwritten provisions were initiated by both appellant and appellee.
 {¶ 20} Under this assignment of error, appellant also argues that the QDRO and DRO were filed without appellant's signature. However, in the divorce decree, the trial court noted that the "litigants" should prepare and present for signature and filing any QDRO. The separation and property settlement agreement provided that the QDRO be prepared by appellee. Appellee's attorney did prepare the QDRO and the DRO and, as evidenced by the certificate of service, served a copy of each to appellant on March 11 and March 14, respectively. The trial court did not journalize the QDRO and DRO until April 7, 2003, which was more than three weeks after they were sent to appellant. Prior to April 7, appellant did not raise any objections.
 {¶ 21} Furthermore, there is no evidence in the record that appellee was entitled to 34.67 percent of the Metlife annuity as appellant asserts in his brief. In addition, since appellant did not present any evidence below, he cannot now raise this argument for the first time on appeal. Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at ¶ 7. Generally, this court will not consider any error which was not brought to the trial court's attention at a time when such errors, if errors there be, could have been avoided or corrected by the trial court. State v. Awan (1986), 22 Ohio St.3d 120, 122; StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, this issue is not properly before us. Appellant's second assignment of error lacks merit.
 {¶ 22} In the third assignment of error, appellant argues that the trial court erred in accepting the QDRO and DRO because they contained a survivorship clause and a continued jurisdiction clause that was contrary to the judgment entry of divorce.
 {¶ 23} In his brief, appellant asserts that he sought the assistance of his counsel in correcting the mistakes with the QDRO and DRO, but he did not receive any assistance. However, the record reveals that the divorce decree was entered on February 21, 2001. The next document in the record is the QDRO and DRO, which was sent to appellant in 2003. The record does not contain a motion to withdraw from appellant's attorney, and we cannot conclude that he was not appellant's attorney at that time. In any event, at the time the QDRO and DRO were sent to him, appellant had a duty to protect his interest.
 {¶ 24} It is our position that appellant is again attempting to raise issues in this court that he did not introduce below by contesting the terms contained in the QDRO and DRO. The record before us reveals that appellant presented no evidence and failed to bring forth any arguments in support of his current position on appeal that the trial court erred in accepting the QDRO and DRO because they contained a survivorship clause and a continued jurisdiction clause that was contrary to the judgment entry of divorce.
 {¶ 25} As mentioned in assignment of error number two, errors which arise in the trial court, which are not brought to the attention of the court by objection, are waived and may not be raised upon appeal. Stores Realty, 41 Ohio St.2d at 43. Appellant never raised the argument with the lower court, and hence, we will not consider any error not brought to the trial court's attention at a time when the error could have been avoided or corrected. A party cannot assert new legal theories for the first time on appeal. Accordingly, appellant's third assignment of error is meritless.
 {¶ 26} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
O'Neill, J., Rice, J., concur.
[1] We note that the portions in italics represent the trial court's handwritten provisions, which were initialed by both appellant and appellee.