OPINION
{¶ 1} Defendant-appellant, Kost USA, Inc., appeals the Warren County Court of Common Pleas' judgment in favor of plaintiff-appellee, Justin Setzekorn, awarding him damages and pre and post-judgment interest for a breach of an employment contract.
 {¶ 2} On June 14, 2001, Setzekorn entered into an employment contract with *Page 2 
appellant to work as a commissioned salesman.[1] The term of the contract was one year with an automatic extension for an additional year unless either party to the contract provided written notice of its intent to not renew the contract. Appellant reserved the right to cancel the contract for any reason provided written notice was given to Setzekorn. There was also a clause which allowed amendments to the contract as needed. In addition, the contract contained a compensation clause which detailed Setzekorn's salary and commission plan. Various covenants, including a noncompete agreement, were also included in the contract.
 {¶ 3} In July of 2001, Setzekorn attended a four-day, company-sponsored sales conference where he viewed a PowerPoint presentation concerning compensation which outlined a new compensation plan. The following January, Setzekorn discovered that he was not being paid commission according to the terms of his contract. Setzekorn voiced his concerns to the company and asked appellant to provide him with a written contract incorporating the new compensation terms. In May of 2002, Setzekorn's supervisor, Floyd Mays, (Mays) gave Setzekorn a written "Sales and Marketing Salary Plan" with an effective date of January 1, 2002 which summarized a new method of calculating commissions. On June 14, 2002 neither party gave any notice of intent not to renew the 2001 employment contract. Setzekorn continued to object to his commissions, and in November of 2002 he resigned.
 {¶ 4} Setzekorn filed a breach of contract claim against appellant on January 7, 2005 asking for $34,289.95 in unpaid commissions and pre and post-judgment interest. In response, appellant argued that it cancelled Setzekorn's contract effective January 1, 2002 when the company "notified" its salesmen of the new compensation plan via the PowerPoint *Page 3 
presentation.
 {¶ 5} A bench trial was conducted before the magistrate, who entered judgment in favor of Setzekorn. The magistrate found that appellant never cancelled the contract as it failed to provide Setzekorn with written notice. The magistrate also determined that appellant never entered into a new contract with Setzekorn and only attempted an amendment of the old contract. Appellant filed objections to the magistrate's decision arguing Setzekorn had both actual and written notice of contract cancellation.[2] The trial court overruled both objections and adopted the magistrate's decision in its entirety. Appellant filed this appeal raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT ADOPTED THE MAGISTRATE'S DECISION BY IGNORING MR. SETZEKORN'S ACTUAL NOTICE AND BY DETERMINING THAT THE POWER POINT PRESENTATION WAS NOT AN EFFECTIVE WRITING UNDER THE LAW."
 {¶ 8} "Civ. R. 53(E)(3)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed." Knauer v. Keener (2001),143 Ohio App.3d 789, 793-794. Thus, a "trial court is required to conduct an independent review of the case, having the `ultimate authority and responsibility over the [magistrate's] findings and rulings.'" State ex rel. Hrelec v.Campbell, 146 Ohio App.3d 112, 117, 2001-Ohio-3425, quoting Hartt v.Munobe, 67 Ohio St.3d 3, 5, 1993-Ohio-177. Furthermore the trial court "must decide `whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to *Page 4 
do so, the trial court must substitute its judgment for that of the [magistrate].'" Id. quoting Inman v. Inman (1995), 101 Ohio App.3d 115,118.
 {¶ 9} "In light of this discretion, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion." Id. "This standard requires more than a determination by the reviewing court that there was an error of judgment, but rather that the trial court acted unreasonably, arbitrarily, or unconscionably." Id.
 {¶ 10} In its first assignment of error, appellant argues that actual notice of contract cancellation satisfied the written notice requirement mandated by the contract. Alternatively, appellant argues that the PowerPoint presentation constituted written notice of the contract's cancellation. We find that there is no merit to either argument.
 {¶ 11} A court's interpretation of a contract is solely to ascertain and effectuate the intent of the parties. Graham v. Drydock CoalCo., 76 Ohio St.3d 311, 313, 1996-Ohio-393. "The intent of the parties is presumed to reside in the language they chose to use in their agreement." Id. "[C]ommon, undefined words appearing in a written instrument `will be given their ordinary meaning unless manifest absurdity results, or some other meaning is clearly evidenced from the face or overall contents of the instrument.'" State ex rel. Petro v.R.J. Reynolds Tobacco Co., 104 Ohio St.3d 559, 2004-Ohio-7102, ¶ 23, quoting Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. Where a contract's terms are clear and unambiguous, "the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms." Uebelacker v.Cincom Sys., Inc. (1988), 48 Ohio App.3d 268, 271.
 {¶ 12} While actual notice may be sufficient to cancel some contracts, it was inadequate to cancel the contract at issue in this case. The employment contract clearly stated that appellant had to provide Setzekorn with "written" notice of the cancellation of his *Page 5 
contract. This language is both plain and unambiguous and it expressly required appellant to present a writing to Setzekorn informing him of the contract's cancellation. Therefore, anything less than a written notification is insufficient notice.
 {¶ 13} Appellant argues that the PowerPoint presentation complied with the written notice requirement to inform Setzekorn of the cancellation of his employment contract.[3] While the contract did not specify exactly what words were needed to effect a cancellation, a reasonable expectation would be to provide some certainty or definiteness that a contract is being cancelled. See, e.g., Schwer v. Benefit Assn. of Ry.Employees, Inc. (1950), 153 Ohio St. 312, 319-20 (notice of policy cancellation need not be in a particular form but it must be definite, unequivocal and certain). The trial court examined the PowerPoint presentation and found it did not provide sufficient notification for changes to the compensation program or to Setzekorn's employment contract. Upon an independent examination of the PowerPoint presentation, we affirm the trial court's finding concerning insufficiency of notification to Setzekorn that his employment contract was being cancelled. Finally, we note that this was not the first employment contract between the two parties. Setzekorn and appellant entered into a previous contract in 2000 which terminated, not with a PowerPoint presentation, but when the contract at issue in this case was entered into.
 {¶ 14} We cannot say that the trial court abused its discretion when it adopted the magistrate's decision as the trial court determined that the magistrate's decision was "correctly reasoned" and "supported by the record." Appellant's first assignment of error is hereby overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED BY AWARDING PREJUDGMENT INTEREST *Page 6 
WITHOUT FIRST SETTING A DATE CERTAIN FOR AN EVIDENTIARY HEARING."
 {¶ 17} Appellant argues, in its second assignment of error, that the trial court was required to hold an evidentiary hearing, pursuant to R.C. 1343.03, before it awarded Setzekorn prejudgment interest. We need not reach the merits of appellant's argument, as we find appellant waived any error when it failed to raise this issue before the trial court.
 {¶ 18} "Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." Stores RealtyCo. v. City of Cleveland, Bd. of Bldg. Standards and Bldg. Appeals
(1975), 41 Ohio St.2d 41, 43. As such, "`[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" Douglass v. Salem Community Hosp.,153 Ohio App.3d 350, 2003-Ohio-4006, ¶ 17, citing State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus; Civ. R. 53(D)(3)(b)(iv) (absent a claim of plain error, a party "shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion *** unless the party had objected to that finding or conclusion"). No claim of plain error is presented in this appeal.
 {¶ 19} For the foregoing reasons, appellant's second assignment of error is hereby overruled.
 {¶ 20} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] The contract at issue was actually the second employment contract entered into by the parties. The term of the first contract was also one year and provided similar general provisions; however, it contained a completely different compensation plan.
[2] Neither appellant's initial objections to the magistrate's decision nor its supplemental objections to the magistrate's decision raised any objections to the prejudgment interest award to Setzekorn.
[3] We need not reach the issue of whether the PowerPoint presentation constituted a "writing" for the purposes of notification as its contents were insufficient to provide any notice of contract cancellation. *Page 1