[Cite as *Heinbaugh v. Napier*, 2014-Ohio-3548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| BARBARA HEINBAUGH, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-10-010 |
| | : | O P I N I O N<br>8/18/2014 |
| - vs - | : | |
| | : | |
| MIKE NAPIER, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. CVI 1300165

Brian A. Muenchenbach, 130 W. Second Street, Suite 2103, Dayton, Ohio 45402-1505, for plaintiff-appellee

Thomas F. Grennan, P.O. Box 189, Georgetown, Ohio 45121, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Mike Napier, appeals from a decision of the Brown County Municipal Court granting judgment in favor of plaintiff-appellee, Barbara Heinbaugh, in a claim involving reimbursement of costs related to the purchase and installation of a returned motor for a pontoon boat. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} Napier is the owner and operator of Lake Waynoka Marina, which includes a

small convenience store, gas pump, and marine maintenance shop. Heinbaugh and her husband own a pontoon boat which they use on Lake Waynoka.

{¶ 3} In late June or early July 2012, the motor on the Heinbaughs' pontoon boat would not start. The Heinbaughs took the boat to Lake Waynoka Marina to be repaired. One of Napier's mechanics looked at the motor and estimated it would cost $600 to repair. Napier claimed that the cost of the $600 repair was worth more than current value of the Heinbaughs' motor and offered to sell the Heinbaughs a used motor at a cost of $1,200, plus labor. Napier represented that the motor was previously owned by an elderly couple who had rarely used it in 13 years. The Heinbaughs agreed to purchase the motor from Napier.

{¶ 4} On July 6, 2012, Heinbaugh paid $1,685.25, which was the cost of the motor including labor. After picking up the boat, the Heinbaughs brought it back to Napier on multiple occasions and testified that the motor never ran properly. Napier and two of Napier's employees testified that the problem was not with the motor, but rather with the gas the Heinbaughs were using because the gas was contaminated with water. Due to corrosion of the motor, one of Napier's mechanics testified that he rebuilt the carburetors. At some point, the Heinbaughs had been loaned a separate gas tank owned by Napier. Nevertheless, the Heinbaughs were never satisfied that the motor ever worked properly and the motor was returned to Napier in December 2012.

{¶ 5} On April 12, 2013, Heinbaugh filed a complaint against Napier requesting reimbursement of $1,685.25, the cost she had paid for the motor including the cost of labor for installation. On May 13, 2013, a hearing was held before a magistrate. At the conclusion of the hearing, the magistrate, in finding in favor of Heinbaugh, stated:

> All right. My turn, an hour later! Everyone decides cases probably on part of their life experiences. I remember every time I ever went to the river with my dad, the boat never started. You spent the entire Sunday afternoon trying to start it. And I think that's still my experience with boats, half the time they never

start. I would never buy a used motor. I would never – and I used to represent an outfit, a company that fixed motors, and they were constantly in controversies with their clients, it's part of … part of the business of motors, and boat motors and, uh, but this is what it comes down to to me, they…the Plaintiffs purchased a motor and services that were supposed to run. I don't think they ever ran properly. And so, judgment for the Plaintiff for the amount requested, $1,685.25, plus the court costs.

**{¶ 6}** Napier filed objections to the magistrate's decision arguing that the decision was against the manifest weight of the evidence and that the magistrate relied on his personal experience with boats and the motor repair industry in rendering the decision against him. The trial court overruled Napier's objections and adopted the magistrate's decision.

**{¶ 7}** Napier now appeals, and asserts one assignment of error for review:

**{¶ 8}** THE TRIAL COURT ERRED BY THE MAGISTRATE CLEARLY MEETING THE DEFINITION OF ABUSE OF DISCRETION BY HIS CONSIDERATION OF FACTS OUTSIDE OF THE EVIDENCE AND HIS CLEAR BIAS AND PREJUDICE TO [NAPIER] IN HIS DECISION.

**{¶ 9}** Napier argues that he was denied a fair and impartial trial decided on facts within the record rather than on the magistrate's personal opinion. Specifically, Napier asserts that the magistrate abused his discretion by relying on facts outside of the record and by clearly showing his bias against Napier's trade of repairing and selling used boat motors.[1]

**{¶ 10}** In ruling on objections to a magistrate's decision, Civ.R. 53(D)(4)(d) requires a trial court to undertake an independent review of the objected matters to ascertain whether the magistrate properly determined the factual issues and appropriately applied the law. *Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 26. When

---

1. Napier does not argue on appeal that the trial court's decision was against the manifest weight of the evidence. We need not review the trial court's decision on this basis. *See* App.R. 12(A) and (16)(A).

conducting its de novo review, the trial court may not properly defer to the magistrate because the magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. *Vice v. Sexton*, 4th Dist. Scioto No. 10CA3371, 2011-Ohio-1647, ¶ 16, citing *Knauer v. Keener*, 143 Ohio App.3d 789, 793-94 (2d Dist.2001). Consequently, the trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." *Mandzak v. Graves*, 12th Dist. Butler No. CA2009-06-173, 2010-Ohio-595, ¶ 7.

{¶ 11} Since the trial court's rulings on objections to a magistrate's decision lies within its sound discretion, that ruling will not be reversed on appeal absent an abuse thereof. *Setzekorn v. Kost USA, Inc.*, 12th Dist. Warren No. CA2008-02-017, 2009-Ohio-1011, ¶ 9. An abuse of discretion is more than error of law or judgment; it requires a finding that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Napier filed objections to the magistrate's decision, arguing that the magistrate relied on his personal experience with boats and the motor repair industry in rendering the decision against him. It is clear the trial court conducted a de novo review. In overruling Napier's objections, after reviewing a video of the hearing, the trial court found that the magistrate's decision was based upon the facts and the law and not on the magistrate's personal experience. While the magistrate stated his personal experience with boats and the motor repair industry, the magistrate concluded, "but this is what it comes down to to me, they…the Plaintiffs purchased a motor and services that were supposed to run. I don't think they ever ran properly. And so, judgment for the Plaintiff for the amount requested, $1,685.25, plus the court costs."

{¶ 13} From its independent review of the record and the magistrate's statement regarding the crux of the case, the trial court's decision finding that the magistrate's decision

was based upon facts and the law was not unreasonable, arbitrary, or unconscionable. Consequently, the trial court properly overruled Napier's objections to the magistrate's decision in regard to the alleged bias of the magistrate. Napier's sole assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.